THE CITY OF PORT HURON v. GEORGE W. JENKINSON.

*Sidewalk ordinance — Constitutional law — Void charter provision.*

1. An ordinance requiring all persons owning or occupying any real estate in a city to keep and maintain good and sufficient sidewalks along all streets and avenues in front of or adjacent to such real estate, and imposing a fine or imprisonment for a failure so to do, is unconstitutional and void, as is a charter provision authorizing such an ordinance.

2. Where, by the provisions of a city charter, before a person can be required to build a sidewalk, the council must pass an ordinance prescribing the kind of walk to be built, its dimensions, and the material to be used therein, as well as the time within which it must be constructed, the enactment of such ordinance is a condition precedent to any liability for failing to build said sidewalk.

Error to St. Clair. (Canfield, J.) Argued February 14, 1889. Decided November 8, 1889.

Defendant was convicted of a violation of a sidewalk ordinance, and fined $25 and costs, and in default of payment sentenced to 30 days' imprisonment, which conviction was set aside on *certiorari* to the circuit court, which judgment is affirmed. The facts are stated in the opinion.

*P. H. Phillips,* for appellant, contended:

1. The extent of municipal police power over streets includes everything necessary to render them easy of access and use to the public, and to preserve their usefulness unimpaired; citing *Nelson v. Laporte*, 33 Ind. 258; *Gaslight Co. v. Middleton*, 59 N. Y. 228; *Horst v. Moses*, 48 Ala. 129; *New Orleans v. Clark*, 95 U. S. 644.

2. In order that the imposition of fines for offenses against municipalities may be made effective, it is usually provided that offenders may be imprisoned for a certain length of time, on default of payment of fine and cost of prosecution. Such imprisonment is not looked upon as a punishment for the offense, but simply a necessary means of enforcing the pecuniary penalty; citing *Sheffield v. O'Day*, 7 Ill. App. 339; *State v. Herdt*, 40 N. J. L. 264; nor does it fall within the meaning of imprisonment as used in the Constitution, and it does not entitle the offender to the protection of any of the rights or guaranties which are accorded to persons who stand accused of an offense punishable by imprisonment; citing *Inwood v. State*, 42 Ohio St. 186; *State v. Herdt*, 40 N. J. L. 264.

3. Police powers authorize all regulations tending to promote the public health, security, and comfort of the community. They have the right to regulate the use of streets, and to enact ordinances to keep them in passable condition; citing *Paxson v. Sweet*, 13 N. J. L. 196; *Palmyra v. Morton*, 25 Mo. 593; *Palmer v. Way*, 6 Col. 106; *Railway Co. v. Hoboken*, 41 N. J. 71.

4. The authority of municipal corporations to punish for failure to remove snow from sidewalks has been frequently recognized; citing *Goddard, Petitioner, etc.*, 16 Pick. 504; *Railway Co. v. Mayor*, 11 Allen, 287; *Kirby v. Market Ass'c'n*, 14 Gray, 252; *Taylor v. Railroad Co.*, 45 Mich. 74; *Woodbridge v. Detroit*, 8 Id. 274; *Bonsall v. Lebanon*, 19 Ohio, 418; *Paxson v. Sweet*, 13 N. J. 196; Dillon, Mun. Corp. § 394.

*Stevens & Merriam*, for defendant, stated as contended in the opinion.

SHERWOOD, C. J. This action was brought by the city of Port Huron to recover of the defendant a penalty claimed to have been incurred by him for the violation of an ordinance of said city, requiring him to keep and maintain a good and sufficient sidewalk along the street in front of the premises owned by him, and which it was his duty to construct and maintain. The ordinance of

the city, for the violation of which complaint was made, reads as follows:

Section 1. "All persons owning, or occupying, or having any real estate within the city of Port Huron shall keep and maintain good and sufficient sidewalks along all streets and avenues in front of or adjacent to such real estate. And any such person failing or refusing to build or repair any such sidewalk in front of or adjacent to real estate owned or occupied by him, or in which he is interested, for ten days after notice to him to build or repair any such sidewalk by the superintendent of public works, shall be deemed a violator of this ordinance."

Section 14 provides that—

"Violators of this ordinance shall, on conviction thereof, be punished by a fine, not to exceed one hundred dollars, or by imprisonment in the county jail not to exceed three months."

The ordinances established by the mayor and common council of said city further provide that—

"Whenever the accused shall be tried for the violation or non-observance of any ordinance, or any provision of the city charter, of the city of Port Huron, and found guilty, either by the court or by a jury, or shall be convicted of the charge made against him upon a plea of guilty, the court shall render judgment thereupon, and inflict such punishment, either by fine, penalty, forfeiture, or imprisonment, together with such costs of prosecution, as may be authorized by law and the court may order. But such punishment shall in no case exceed the limit fixed by law for the offense charged; and, in rendering such judgment and inflicting such punishment, the court may award against such offender a conditional sentence, and order him to pay a fine, with or without costs of prosecution, and, in default thereof, to suffer such imprisonment as is provided by law and awarded by the court in all cases where the offender shall be convicted of an offense punishable, at the discretion of the court, either by fine or imprisonment, or both: *Provided*, That when any person is convicted of being a disorderly person, under any provision of the charter or ordinances of the city of Port Huron, the court may, in its discretion,

require of the offender a recognizance, with sufficient sureties, for good behavior for a term of not less than 60 days, nor more than one year, thereafter; and, when such security for good behavior is required to be given, the court or magistrate may require and further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged. But such imprisonment shall not exceed ninety days."

The power of the council of the city of Port Huron to pass the ordinance in question is claimed under section 1, chap. 18, of the city charter, and is as follows:

"It will be the duty of each and every person owning, occupying, or having any interest in any real estate within the city to construct, keep, and maintain good and sufficient sidewalks along all streets and avenues in front of or adjacent to such real estate; and, upon failure so to do, such person, after due notice, shall be liable to prosecution according to such ordinances as the common council of said city may adopt." Local Acts 1885, p. 538.

It is claimed the testimony showed a violation of the ordinance; and, after the same was given, the defendant, by his counsel, moved the court (the justice before whom he had been brought by warrant) that the complaint and warrant be quashed, and the defendant be discharged, for the following reasons:

1. That the charter of the city did not authorize criminal punishment or criminal proceedings in the case for the offense charged, nor empower said city to punish criminally the person so refusing or neglecting to build a sidewalk.

2. If the charter was intended to confer such authority, the provision purporting to confer the same is unconstitutional.

3. The ordinances referred to, providing criminal punishment for the offense charged against the defendant, and under which the proceedings were had against him wherein he was convicted, were illegal and void.

77 MICH—27.

The justice overruled the motion, found the defendant guilty, and gave judgment that he should pay a fine of $25, and costs of prosecution, and, in default of such payment, be confined in the county jail for 30 days. This conviction was removed to the circuit court for the county of St. Clair by *certiorari* where the case was heard before Judge Canfield, who reversed the judgment of the justice, and gave judgment against the city for the costs of the suit. The city now seeks a review of the questions raised.

But two questions were argued in this Court by counsel for the city. The *first* relates to the constitutionality of the act under which the ordinance was passed; and, *second*, does the section of the act referred to authorize the adoption of the ordinance under which the prosecution was had?

The ordinance is clearly within the provisions of the statute; but that is of no consequence in this case, as will hereafter appear.

In the affidavit upon which the writ of *certiorari* was obtained, the defendant made the following allegations of error, and which were presented for the consideration of the circuit court:

"1. The warrant issued in said cause did not authorize the apprehension or arrest of the deponent, for the reasons—

"*a*—That it was not directed to anybody, to any officer or person authorized to make arrests.

"*b*—That no criminal action was alleged therein.

"2. That the provisions of the ordinance referred to, authorizing criminal prosecutions to be instituted against persons who fail to build or repair sidewalks in the city of Port Huron, is unconstitutional, illegal, and void.

"3. The judgment of the justice aforesaid was void, as the provisions of the charter aforesaid do not authorize an alternative judgment."

By section 2, chap. 18, of the city charter, it is provided that—

"The common council shall have power to prescribe, by resolution or ordinance, the grade, width, and character of all sidewalks within said city, and the materials of which, and the time within which, the same shall be constructed or repaired; and may provide for the punishment by fine or imprisonment, or both, of any and every person who fails, neglects, or refuses to comply with the provisions and requirements of such resolution or ordinance."

It will be seen, from an examination of the two sections of the statute herein given, that, before a person owning land in the city can be required to build a sidewalk along the street upon which it abuts, the council must have passed an ordinance prescribing the kind of walk to be built, its dimensions, and the material to be used therein, as well as the time within which it must be made. In the case of that required of this defendant, the record does not show that this was ever done. The complaint and warrant are both defective in this respect, and the court was without jurisdiction in the case; and the magistrate should have yielded to the motion to dismiss the proceedings, when it was made by counsel for the defendant.

This defect would be sufficient to dispose of the case if no other infirmity appeared; but a more serious difficulty is encountered upon an examination of these two sections of the statute, and the provisions of the by-law enacted by the council thereunder. Neither of them are of any validity whatever.

No legislative or municipal body has the power to impose the duty of performing an act upon any person which it is impossible for him to perform, and then make his non-performance of such a duty a crime, for which he may be punished by both fine and imprison-

ment. It needs no argument to convince any court or citizen, where law prevails, that this cannot be done; and yet such is the effect of the provisions of the statute and by-law under consideration. It will readily be seen that a tenant occupying a house and lot in the city of Port Huron, and so poor and indigent as to receive support from his charitable neighbors, if required by the city authorities to build or repair a sidewalk along the street in front of the premises he occupies, and fails to comply with such request, such omission becomes criminal; and, upon conviction of the offiense, he may be fined and imprisoned. It is hardly necessary to say these two sections of the statute are unconstitutional and void, and that the provisions are of no force or effect. They are obnoxious to our Constitution and laws; and the two sections of the statute are a disgrace to the legislation of the State.

The judgment of the circuit court will be affirmed, with costs to be paid to the defendant by the city.

The other Justices concurred.