AUDITOR GENERAL *v.* HOFFMAN.

ORDINANCES—REASONABLENESS—CONSTRUCTION OF SIDEWALK.
    An ordinance requiring a lot owner to build a sidewalk within five days after notice, and, on his failure to do so, authorizing the city officials to build it, and imposing a tax on him for the cost, is void for unreasonableness.

Appeal from St. Clair; Whipple, J. Submitted January 28, 1902. Decided March 4, 1902.

Petition by Roscoe D. Dix, auditor general, for the sale of lands delinquent for taxes: On objections filed by John

M. Hoffman. From a decree for contestant, petitioner appeals. Affirmed.

*Joseph Walsh*, Prosecuting Attorney, for petitioner.

*William T. Mitchell*, for contestant.

GRANT, J. The tax which the circuit judge set aside in this case was imposed under the same charter and ordinance that were before the court in *City of Port Huron* v. *Jenkinson*, 77 Mich. 414 (43 N. W. 923, 6 L. R. A. 54, 18 Am. St. Rep. 409), in which the penal provisions of both the charter and the ordinance are held to be absolutely void. In that case a notice was given under section 1 of the ordinance to construct the sidewalk within 10 days. It was there said:

"No legislative or municipal body has the power to impose the duty of performing an act upon any person which it is impossible for him to perform, and then make his nonperformance of such a duty a crime."

For the same reason the legislature cannot impose a duty upon the citizen, give him an insufficient time to perform it, and then authorize some one else to perform the duty for him, and impose a tax upon him for the cost. The duty to construct a sidewalk is purely statutory, and when such duty is imposed upon a citizen he is entitled to reasonable time within which to perform it. From the language above quoted it is obvious that the court held a 10-day notice unreasonable. In this case section 7 of the ordinance is in direct conflict with section 1, in that it requires the lot owner to build the sidewalk "within five days from the date of the notice," while section 1 provides for a notice of 10 days. The notice in this case was served under section 7, and was a notice to build a stone or cement sidewalk not less than 4 feet wide within 5 days. Such a provision is unreasonable and void under the decision above cited.

Decree is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.