CITY OF DEADWOOD, Respondent, v. COE, Appellant.

(149 N. W. 359.)

1.  **Municipal Corporations—Ordinance—Building—Requiring Sewer Connection—Constitutionality—Quaery?**
    While it is at least doubtful whether a city council can pass an ordinance making it an offense for one to be the owner of a building, designed for occupancy by human beings, but which is without sewer connections, or when it provides that the tenant of a building shall be guilty of an offense merely because he occupies a building not provided with the pre-scribed sewer connections, yet it is unnecessary, upon this record, to decide the question of constitutionality.

2.  **Municipal Corporations—Violation of Ordinance—Connecting House With Sewer—Sufficiency of Complaint—Demurrer.**
    A complaint charging violation of an ordinance making it unlawful for any person to lease or occupy any residence building on land abutting on any street in which there was or should be any sewer main, unless such building was connected with the sewer main "in the manner now or hereafter provided by law or ordinance," does not state facts sufficient to constitute a violation of the ordinance, in that it fails to allege the existence of any other law or ordinance providing the manner of connecting with the sewer; and the demurrer thereto should have been sustained.

(Opinion filed November 16, 1914.)

Appeal from Circuit Court, Lawrence County.   Hon. JAMES McNENNY, Judge.

Clara D. Coe, the defendant, was convicted of violating an ordinance of the City of Deadwood, and she appeals. Reversed.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

*Norman T. Mason,* for Respondent.

Under point two of the opinion, Appellant cited:

Mich. City of Port Huron v. Jenkinson, 77 Mich. 414, 6 L. R. A. 54.

WHITING, J.   The defendant was charged with violation of. Ordinance No. 347 of plaintiff city, which ordinance was in words as follows:

"Be it enacted by the city council of the city of Deadwood:

"Section 1. It shall be unlawful for any person or persons, company, or corporation, to own any interest in, lease, occupy, or maintain any building designed or used for the occupancy of human beings (whether the same be a store, manufactory, dwelling house, tenement, or otherwise), and situated on land abutting on any street in the city of Deadwood in which there is or shall be any city sewer main, unless such building shall be connected with the city sewer mains in the manner now or hereafter provided by law or ordinance.

"Sec. 2. Any person, persons, company, or corporation owning any interest in, leasing, occupying, or maintaining any building which is not connected with the city sewer mains, as hereinbefore provided, shall, upon conviction thereof, be fined not more than ten dollars for each offense, and each and every day that any person or persons, company or corporation shall own any interest in, lease, occupy, or maintain any building in violation of the requirements of this ordinance shall be and constitute a separate offense.

"Sec. 3. This ordinance shall take effect and be in force twenty days after its passage, approval, and publication."

The complaint charged defendant with being an occupant, as lessee, of a certain building abutting upon two streets of plaintiff city, in which streets there was at the time of the complaint, and had been for years past, a sewer main. The complaint alleged that the building was not, at the time of the complaint, and had not been for years past, connected with the city sewer mains. To the said complaint defendant demurred "on the ground that said complaint stated neither facts sufficient to constitute a cause of action in favor of plaintiff and against defendant, nor a public offense." This demurrer was overruled. Defendant then moved for judgment on the pleadings and for a dismissal of the action,

which motion being also overruled, defendant declined to answer, and judgment was entered against her. From this judgment appeal was taken.

Appellant, in her brief filed in this court, has, among other things, attacked the ordinance in question, contending that the same is unconstitutional. A reading of said ordinance cannot but reveal that it was, to say the least, most carelessly and negligently drawn; and a careful consideration of its provisions cannot but raise serious doubts as to the constitutionality of some of its provisions. It certainly is at least doubtful whether a city council can pass an ordinance making it an offense for one to be the owner of a building, *designed* to be used for the occupancy of human beings, but which is without sewer connection. Though a building *was designed* for occupancy by human beings, it may never be used for the purpose for which it was designed. Furthermore, the constitutionality of an ordinance is at least doubtful, when it provides that the *tenant* of a building shall be guilty of an offense merely because such tenant occupies a building which is not provided with the prescribed sewerage connections. One can readily call to mind numerous situations under which such a provision would seem far from reasonable. There are other features of the ordinance in question that present serious questions as to its validity. While it must be conceded that the mere fact that certain provisions in an ordinance may be unconstitutional need not necessarily require that the whole ordinance be declared unconstitutional, yet we need only suggest that, if any of the provisions of this ordinance are unconstitutional, it is at least doubtful if the different provisions of the ordinance are so separable that a court could rightfully disregard the unconstitutional provisions and sustain the remaining provisions.

We suggest the above as worthy of the careful consideration of respondent, but we find it unnecessary to pass upon the question of the constitutionality of this ordinance, because it is clear that the demurrer should have been sustained, for reasons entirely separate and distinct from that question. From the express provisions of said ordinance, before any person could be guilty of a breach thereof, it was necessary that there be in force in said city a further ordinance, prescribing the manner in which buildings should be connected with the sewer mains. The mere fact that

Ordinance No. 347 has incorporated therein this statement, "In the manner now or hereafter provided by law or ordinance," does not suffice as an allegation that there was, even at the time such ordinance was enacted, any other law or ordinance providing the manner of connecting with the sewer. The complaint does not contain any allegation that there was, or ever had been, any ordinance of plaintiff city prescribing the manner of connecting buildings with the sewer mains. It follows that, wholly regardless of the constitutionality of Ordinance 347, and regardless of its validity or invalidity upon any other ground, the complaint herein failed to state facts sufficient to constitute a cause of action against the defendant, and defendant's demurrer should have been sustained. City of Port Huron v. Jenkinson, 77 Mich. 414, 43 N. W. 923, 6 L. R. A. 54, 18 Am. St. Rep. 409.

The judgment appealed from is reversed.

POLLEY, J., took no part in this decision.