PEOPLE v LIKINE

Docket No. 290218. Submitted February 9, 2010, at Lansing. Decided
April 20, 2010. Approved for publication June 8, 2010, at 9:20 a.m.

An Oakland Circuit Court jury convicted Selesa A. Likine of failing to
pay child support in violation of MCL 750.165. Before trial, the
court, John J. McDonald, J., granted the prosecution's motion to
preclude defendant from offering any evidence pertaining to her
alleged inability to pay the ordered child support. The court
reasoned that inability to pay was not a defense to the strict-
liability crime. After she was convicted, defendant moved for
reconsideration of the court's order granting the prosecution's
motion in limine. She also moved for relief, contending that the
statute was unconstitutional because it did not require her to have
a morally culpable mental state. Finally, defendant moved for a
new trial, arguing that her rights under Michigan's Due Process
Clause were violated because she was not allowed to present as a
defense her inability to pay. The court denied the motions, and
defendant appealed.

The Court of Appeals *held*:

1. The Michigan Constitution does not require that a defen-
dant be permitted to present an inability-to-pay defense to a
charge of felony nonsupport. Defendant had ample opportunity to
contest her ability to pay during the civil proceedings at which the
support was mandated.

2. Permitting defendant to present evidence of her inability to
pay would have permitted her to challenge the amount of support
ordered in the civil proceeding by the civil court that had sole,
exclusive, and continuing jurisdiction over the support order
under MCL 600.1021. The trial court properly denied defendant's
attempt to make such an impermissible collateral attack on the
underlying support order.

3. The crime of felony nonsupport is complete at the time that
the individual fails to pay the ordered amount at the ordered time.
Thus, the *actus reus* is the failure to pay support as ordered.

4. The elements of the crime of felony nonsupport are (1) the
defendant was required to support a child or current or former

spouse, (2) the defendant appeared in or received notice by personal service of the action in which the support order was issued, and (3) the defendant failed to pay the support at the required time. Evidence of inability to pay was not relevant to any fact in issue, and the trial court did not abuse its discretion by declining to admit the evidence.

5. The prosecutor did not commit prosecutorial misconduct by stating in rebuttal closing arguments that defense counsel's strategy was to distract the jury from the evidence. The comment was an appropriate response to defense counsel's emphasizing facts during closing argument that had no bearing on the elements of the crime. It was not a personal attack on defense counsel, and a timely objection could have cured any perceived prejudice.

Affirmed.

1. CRIMINAL LAW — CHILD SUPPORT — NONSUPPORT — STRICT-LIABILITY OFFENSES — INABILITY TO PAY CHILD SUPPORT.

A child support order imposed after the parent has been judicially determined to be able to pay support subjects the parent to strict liability for failure to pay the required support at the required time; the parent may not defend against the criminal charge with evidence of an inability to pay given that the parent had the opportunity to contest the support order at the child support proceedings (MCL 750.165).

2. CRIMINAL LAW — CHILD SUPPORT — NONSUPPORT — ELEMENTS OF FELONY NONSUPPORT.

The elements of felony nonsupport are (1) the defendant was required to support a child or current or former spouse; (2) the defendant appeared in or received notice by personal service of the action in which the support was ordered, and (3) the defendant failed to pay the support at the time ordered or in the amount ordered; the crime of felony nonsupport is not a continuing crime, but is complete at the time that the individual fails to pay the ordered amount at the ordered time; the *actus reus* is the failure to pay the support as ordered (MCL 750.165).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *William E. Molner, Patrick J. O'Brien*, and *George Stevenson*, Assistant Attorneys General, for the people.

Michigan Innocence Clinic (by *David Moran* and *Bridget McCormack*) and American Civil Liberties Union Fund of Michigan, Inc. (by *Michael J. Steinberg*), for defendant.

Before: FITZGERALD, P.J., and CAVANAGH and DAVIS, JJ.

PER CURIAM. Defendant appeals as of right her jury conviction of failing to pay child support in violation of MCL 750.165, for which she was sentenced to probation for one year. We affirm.

Following a divorce in June 2003, defendant was ordered to pay child support to her ex-husband, Elive Likine, who was awarded physical custody of their three minor children. The child support initially was $54 a month, but was eventually raised to $181 a month. Apparently, in March or May 2005, Elive sought an increase in child support payments from defendant. Elive was prompted to seek the increase in child support after he learned that defendant had purchased a house worth about $500,000 by securing two mortgages in her name, one for $2,000 a month and one for $1,000 a month. She had also purchased a new vehicle.

After hearings were held on the matter, the Friend of the Court recommended that income consistent with her standard of living, $5,000 a month, be imputed to defendant and that her child support obligation be increased to $1,131 a month, retroactively effective as of June 1, 2005. The family division of the circuit court adopted that recommendation after holding its own hearing. Defendant's motion for reconsideration was denied. Thus, by order entered August 23, 2006, defendant was obligated to pay $1,131 a month in child support as of June 1, 2005. Defendant applied for delayed leave to appeal in this Court, which ultimately

denied leave "for failure to persuade the Court of the need for immediate appellate review." *Likine v Likine*, unpublished order of the Court of Appeals, entered March 14, 2008 (Docket No. 280148).

Defendant's payment history was very sporadic. In 2006, she paid nothing. In 2007, she paid a total of $488.85 for the year—$381.21 in February, $20 in June, and $87.64 in December. Through March 2008, defendant paid a total of $100. The amount of arrearage as of February 29, 2008, was $40,182.71. In March 2008, felony charges were filed against defendant for failure to pay child support as ordered between February 2005 and March 2008, in violation of MCL 750.165. She stood mute at her arraignment on May 19, 2008, and a plea of not guilty was entered on her behalf.

On September 29, 2008, the prosecution filed a motion in limine seeking to prevent defendant from offering any evidence pertaining to her alleged inability to pay the ordered child support. The prosecution argued that, as this Court held in *People v Adams*, 262 Mich App 89; 683 NW2d 729 (2004), the failure to pay child support in violation of MCL 750.165 is a strict-liability offense; thus, evidence of an alleged inability to pay is immaterial and irrelevant. The trial court agreed and granted the motion in limine, holding that "inability to pay is not a defense. Something should have been raised earlier for a modification, but it wasn't." A jury trial began on November 14, 2008, and defendant was convicted as charged.

On November 25, 2008, defendant moved for relief from an unconstitutional statute and for reconsideration of the order granting the prosecution's motion in limine precluding her from asserting as a defense the inability to pay. Defendant primarily argued that MCL 750.165 is unconstitutional because, as a strict-liability

offense, it does not require defendant to have a morally culpable mental state regarding nonpayment of child support. The motion was denied. On December 22, 2008, defendant was sentenced to probation for one year. On February 2, 2009, defendant filed this appeal. On March 16, 2009, defendant filed with the trial court a motion for a new trial, primarily arguing that her rights under Michigan's Due Process Clause, as interpreted by *Port Huron v Jenkinson*, 77 Mich 414; 43 NW 923 (1889), were violated because she was not allowed to present as a defense her inability to pay child support. Relying on *Adams*, 262 Mich App at 99-100, which made it clear that inability to pay is not a defense to this strict-liability offense, the trial court denied the motion.

On appeal, defendant first argues that she is entitled to a new trial because her rights under Michigan's Due Process Cause were denied by the trial court's order prohibiting her from presenting as a defense her inability to pay the ordered child support. We disagree.

This Court reviews de novo questions of constitutional law. *People v Keller*, 479 Mich 467, 473-474; 739 NW2d 505 (2007). A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion as is a trial court's decision on a motion for a new trial. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008); *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Blackston*, 481 Mich at 460.

In her brief on appeal, defendant argues that, in accordance with our Supreme Court's decision in *Jenkinson*, 77 Mich at 419-420, "the Michigan Constitution forbids the interpretation of MCL 750.165 as a statute which prevents the presentation of an inability to pay

defense, thus criminalizing an involuntary omission."
In *Jenkinson*, the impoverished defendant was pros-
ecuted for failing to comply with a local ordinance that
imposed a duty on property owners and occupants to
" 'keep and maintain good and sufficient sidewalks
along all streets and avenues in front of or adjacent to
such real estate' " and provided that " 'any such person
failing or refusing to build or repair any such side-
walk . . . for ten days after notice to him . . . shall be
deemed a violator of this ordinance.' " *Id*. at 416 (cita-
tion omitted). The *Jenkinson* Court found that the
ordinance was unconstitutional, and therefore void, on
the ground that "[n]o legislative or municipal body has
the power to impose the duty of performing an act upon
any person which it is impossible for him to perform,
and then make his non-performance of such duty a
crime, for which he may be punished by both fine and
imprisonment." *Id*. at 419-420. Defendant's reliance on
*Jenkinson* is misplaced.

Defendant claims that MCL 750.165 is unconstitu-
tional because, just as in *Jenkinson*, the government
imposed an impossible duty on her, specifically, the duty
of paying child support in the amount of $1,131 a month
despite her poverty. Defendant further contends that
she was unconstitutionally prevented from presenting
her defense of poverty to this strict-liability offense. But
unlike the defendant in *Jenkinson*, defendant was pros-
ecuted for failing to comply with a court order that was
entered after a judicial determination was made that
defendant had the financial means to comply with the
court order, i.e., the duty imposed on defendant *was*
adjudged possible for her to perform.

Defendant was a party to several civil proceedings in
which the family division modified her child support
obligation. Those proceedings afforded her ample op-

portunity to present evidence of her ability or inability to pay an increased amount of child support. During those proceedings, evidence was adduced that while defendant was paying $181 a month in support for her three minor children, she purchased a house worth about $500,000 by securing two mortgages in her name that obligated her to pay $3,000 a month. She also purchased a brand new vehicle. Thereafter, defendant was adjudged, in accordance with the evidence of her standard of living, to be capable of paying child support in the amount of $1,131 a month for her three minor children. Thus, unlike the situation in *Jenkinson*, the government did not blindly impose on defendant a duty that was impossible for her to perform. Rather, after a full and fair hearing, the court determined what defendant could pay and imposed on her an accordant duty to do so.

Defendant's claim of ineffective assistance of counsel is premised on her attorney's failure to "bring *Jenkinson* to the trial court's attention and to raise a claim under the Michigan Constitution . . . ." Because defendant's constitutional argument is without merit, her ineffective assistance of counsel claim, which is premised on that argument, also fails. See *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005).

Defendant's argument is actually an impermissible collateral attack on the underlying support order. Pursuant to MCL 600.1021, the family division of circuit court has sole and exclusive jurisdiction over cases of divorce and ancillary matters, including those matters set forth in the Support and Parenting Time Enforcement Act, MCL 552.601 to 552.650. Under MCL 552.16(1), the court that enters a divorce judgment "may enter the orders it considers just and proper concerning the care, custody, and, as prescribed in

section 5 of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605, support of a minor child of the parties." Under MCL 552.605, the court that orders the payment of child support must generally order child support in an amount determined by application of the child support formula, unless the court specifically finds that its application would be unjust or inappropriate. "[A] support order that is part of a judgment or is an order in a domestic relations matter is a judgment on and after the date the support amount is due . . . with the full force, effect, and attributes of a judgment of this state . . . ." MCL 552.603(2). Pursuant to MCL 552.1224(1), the "tribunal of this state that issues a support order consistent with this state's law has continuing, exclusive jurisdiction over a child support order" if the parties and children at issue remain residents of this state. Accordingly, with regard to domestic relations actions, MCR 3.205(C) provides:

> (1) Each provision of a prior order remains in effect until the provision is superseded, changed, or terminated by a subsequent order.

> (2) A subsequent court must give due consideration to prior continuing orders of other courts, and may not enter orders contrary to or inconsistent with such orders, except as provided by law.

Here, defendant was prosecuted for the criminal offense of violating MCL 750.165, which states, in pertinent part:

> (1) If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both.

(2) This section does not apply unless the individual ordered to pay support appeared in, or received notice by personal service of, the action in which the support order was issued.

Defendant argues that she should have been permitted to present the defense of inability to pay during her criminal trial. However, such a defense merely attempts to challenge the amount of the support ordered in the civil proceeding by a court that has sole, exclusive, and continuing jurisdiction over the support order—an order that is a judgment having the "full force, effect, and attributes of a judgment of this state . . . ." MCL 552.603(2). "[A] collateral attack occurs wherever a challenge is made to a judgment in any manner other than through a direct appeal." *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995). Thus, defendant's attempt to challenge the child support order in her criminal trial by claiming an inability to pay the amount ordered was properly denied and did not constitute an abuse of discretion. As simply stated in *Adams*, 262 Mich App at 96, " '[t]he Michigan nonsupport statutes generally reflect the rule that the offense presupposes the ability to pay.' " (Citation omitted.)

Defendant also argues that her rights to due process under the federal and state constitutions are offended by characterization of the statute as a strict-liability offense for which inability to pay is not a defense. See *id.* at 99-100. She claims that her failure to pay the child support as ordered could not have been a voluntary act if "it was completely impossible for her to pay," i.e., the *actus reus* component of the crime would have been lacking. This argument, too, fails. As our Supreme Court held in *People v Monaco*, 474 Mich 48, 56-58; 710 NW2d 46 (2006), felony failure to pay child support is not a continuing crime, but is complete at the time that the individual fails to pay the ordered amount at the

ordered time. That is, the *actus reus* is the failure to pay the support as ordered. As discussed earlier, defendant was afforded numerous opportunities in the civil proceedings to establish her inability to pay the ordered amount of child support. Those civil proceedings provided the proper forum and time to adjudicate such a claim. Accordingly, defendant was not denied due process on the ground that, because the offense imposes strict liability, she was prevented from proving that her failure to pay child support in compliance with the court order was involuntary.

Further, the order that increased defendant's child support obligation was entered on August 23, 2006, and was given retroactive effect to June 1, 2005. Defendant's motion for reconsideration was denied. Nevertheless, in 2006, defendant paid no child support. In 2007, she paid a total of $488.85 in child support. In 2008, through March, she paid $100. The charges of felony nonsupport were not filed until March 2008. During the extended period between the entry of the child support order at issue and the filing of the criminal charge, it does not appear from the record evidence that defendant sought again to have the support order modified. And it does not appear, for example, that she filed a motion in the circuit court under MCL 552.605e for a payment plan to pay arrearages and to discharge or abate arrearages, particularly after her receipt of social security disability benefits. Had she properly raised a challenge to her ability to pay the ordered child support, as well as any of her bona fide efforts to pay such support, they would have been considered and adjudicated by the court that issued the support order. However, defendant did not seek those, or any other, remedies before she was prosecuted under MCL 750.165.

Defendant also seems to argue that she was denied her due process right to present a defense because she was prohibited from arguing that "it was impossible for her to comply with her child support order . . . ." We disagree. Whether a defendant's right to present a defense was violated by the exclusion of evidence is a constitutional question subject to review de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

The right to present a defense is a fundamental element of due process, but it is not an absolute right. *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984). The right extends only to relevant and admissible evidence. *People v Hackett*, 421 Mich 338, 354; 365 NW2d 120 (1984). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The elements of the crime of felony nonsupport are

> (1) the defendant was required by a decree of separate maintenance or divorce order to support a child or current or former spouse, (2) the defendant appeared in or received notice by personal service of the action in which the order was issued, and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered. [*People v Monaco*, 262 Mich App 596, 606; 686 NW2d 790 (2004), aff'd in part and rev'd in part on other grounds 474 Mich 48 (2006).]

Clearly, evidence of the inability to pay was not relevant to any fact at issue. Therefore, the trial court did not abuse its discretion by declining to admit the evidence, and defendant's constitutional right to present a defense was not implicated. See *Katt*, 468 Mich at 278; *Kurr*, 253 Mich App at 327.

Finally, defendant argues that a new trial is required because the prosecutor improperly attacked defense counsel during closing rebuttal argument. Because defendant did not object to the prosecutor's remarks at trial, this issue is unpreserved and our review is for plain error affecting her substantial rights. See *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Error requiring reversal will not be found if a curative instruction could have alleviated any prejudicial effect, given that jurors are presumed to follow their instructions. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008).

Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). "The propriety of a prosecutor's remarks depends on all the facts of the case." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). A prosecutor "may not personally attack defense counsel." *People v McLaughlin*, 258 Mich App 635, 646; 672 NW2d 860 (2003). The prosecutor may not suggest that defense counsel is intentionally attempting to mislead the jury, but reversal is not required if the prosecutor's remarks are responsive to defense counsel's arguments. *People v Watson*, 245 Mich App 572, 592-593; 629 NW2d 411 (2001).

In his closing argument, defense counsel emphasized facts that had no bearing on the elements of the crime. In response, the prosecutor argued that defense counsel's strategy was to distract the jury from the evidence. The prosecutor's remarks were an appropriate response

to defense counsel's argument and not a personal attack on defense counsel. Thus, there was no plain error. Moreover, a timely objection could have cured any perceived prejudice. Therefore, reversal is not required.

Affirmed.