# Order

Michigan Supreme Court
Lansing, Michigan

November 30, 2010

141513

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

SCOTT BENNETT HARRIS,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 141513
COA: 297182
Muskegon CC: 08-056761-FH

On order of the Court, the application for leave to appeal the June 4, 2010 order of the Court of Appeals is considered, and it is GRANTED. The parties shall address: (1) whether the rule of *People v Adams*, 262 Mich App 89 (2004) — holding that inability to pay is not a defense to the crime of felony non-support under MCL 750.165 — is an incorrect reading of the statute or unconstitutional, see *Port Huron v Jenkinson*, 77 Mich 414 (1889); (2) whether the trial court abused its discretion when it denied the defendant's post-sentencing motion to withdraw his plea; and (3) whether the trial court erred when it adopted the child support arrearage amount that had been determined by family court as the restitution to be imposed in this criminal case, or whether the defendant waived that issue.

We further ORDER that this case be argued and submitted to the Court together with the cases of *People v Likine* (Docket No. 141154) and *People v Parks* (Docket No. 141181) at such future session of the Court as the cases are ready for submission. Each side will have 30 minutes for oral argument.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

        YOUNG, J. (*dissenting*).

Because defendant's unconditional guilty plea to felony non-support waived any claim that defendant was constitutionally entitled to raise an indigency defense, I dissent from the order granting leave to appeal.

Pursuant to the *Cobbs*[1] evaluation provided by the trial court, defendant pled guilty to felony non-support[2] in exchange for a payment arrangement that would permit defendant to avoid incarceration. Specifically, defendant *agreed* to pay $3,000 by December 8, 2008, at which point his sentencing would be adjourned for six months. If defendant paid an additional $5,000 toward his arrearage by the end of the six month period, he would avoid incarceration altogether. Defendant's guilty plea contained no conditions. When defendant had not paid the agreed-upon amount by the agreed-upon time, he was sentenced to a term of imprisonment within the sentencing guidelines. Nine months after sentencing, defendant raised *for the first time* his claim of indigency in his motion to withdraw his guilty plea.

An unconditional guilty plea that is knowing and intelligent—and defendant makes no claim that his guilty plea was otherwise—waives claims of error on appeal, even claims of constitutional dimension.[3] Two recognized exceptions to this rule exist. The first recognized exception is that the court below lacked subject-matter jurisdiction over the case, "because it involves a court's power to hear a case, [which] can never be forfeited or waived."[4] The second exception is the defendant's right "not to be haled into court at all,"[5] which implicates "the very *authority* of the state to bring a defendant to trial," not merely "the factual determination of defendant's guilt."[6] An example of this exception is a claim that a charged offense violated the double jeopardy clause, which may be appealed despite a defendant's admitted guilt.[7]

As none of defendant's claims falls into either of these exceptions, his claims of error have been waived by his guilty plea. I would deny leave to appeal.

---

[1] *People v Cobbs*, 443 Mich 276 (1993).

[2] Defendant also acknowledged being a third habitual offender, MCL 769.12.

[3] See *People v New*, 427 Mich 482 (1986).

[4] *United States v Cotton*, 535 US 625, 630 (2002).

[5] *Blackledge v Perry*, 417 US 21, 30-31 (1974); *Menna v New Yo*rk, 423 US 61, 62-63 & n. 2 (1975).

[6] *People v New,* 427 Mich at 491, quoting *People v White*, 411 Mich 366, 398 (1981) (MOODY, J., *concurring in part and dissenting in part*).

[7] *Menna v New York*, 423 US at 63, n. 2.

3

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 30, 2010 _____

_____
Clerk

p1124