# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 18, 2014

Plaintiff-Appellee,

v

No. 317568
Wayne Circuit Court
LC No. 12-006153-FC

ANTONIO PEPALONIA BRANDON,

Defendant-Appellant.

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of two counts of first-degree child abuse under MCL 750.136b(2), and first-degree felony murder under MCL 750.316(1)(b). For the reasons stated below, we affirm.

## I. PROCEDURAL BACKGROUND

A jury in the Wayne Circuit Court convicted defendant of committing first-degree child abuse against two of his infant children, and of murdering one of the children in the process. On appeal, defendant claims that: (1) the prosecutor presented insufficient evidence to sustain his convictions; and (2) the trial court denied him a right to present a defense when it excluded a statement made by his girlfriend as hearsay.

## II. STANDARD OF REVIEW

Challenges to sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195–196; 793 NW2d 120 (2010). "In short, when determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). We give deference to the trial court's ability to assess witness credibility because it is in a far better position to make such assessments than an appellate court. *People v Reese*, 491 Mich 127, 160; 815 NW2d 85 (2012). "Circumstantial evidence and the reasonable inferences it permits are sufficient to support a conviction." *Ericksen*, 288 Mich App at 196.

-1-

"Whether a defendant was denied his constitutional right to present a defense is a question of law we review de novo." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). At a minimum, "criminal defendants have the right to . . . put before a jury evidence that might influence the determination of guilt." *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006) (quotation marks omitted). However, the right to present a defense "extends only to relevant and admissible evidence." *People v Likine*, 288 Mich App 648, 658; 794 NW2d 85 (2010), rev'd on other grounds 492 Mich 367 (2012) (citation omitted). "The Michigan Rules of Evidence do not infringe a defendant's constitutional right to present a defense unless they are 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *King*, 297 Mich App at 474, quoting *United States v Scheffer*, 523 US 303, 308; 118 S Ct 1261; 140 L Ed 2d 413 (1998) (opinion by THOMAS, J.).

III. ANALYSIS

A. SUFFICIENCY OF THE EVIDENCE

1. FIRST DEGREE CHILD ABUSE

MCL 750.136b(2) criminalizes first-degree child abuse, and states that: "[a] person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child." MCL 750.136b(1)(f) defines "serious physical harm" to mean: "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut."

To convict a defendant of first-degree child abuse under MCL 750.136b(2), the prosecution must show that defendant intended to cause serious harm to the child or that he knew serious harm would be caused by his actions. *People v Maynor*, 470 Mich 289, 295–297; 683 NW2d 565 (2004). "An actor's intent may be inferred from all of the facts and circumstances, . . . and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v Fetterley*, 229 Mich App 511, 517–518; 583 NW2d 199 (1998) (citations omitted).

Here, defendant wrongly claims that the prosecution presented insufficient evidence to convict him of two counts of first-degree child abuse pursuant to MCL 750.136b(2). The prosecution presented overwhelming evidence that: (1) the children in question suffered "serious physical harm" under MCL 750.136b(2); (2) defendant perpetrated the "serious physical harm"; and (3) he intended to cause his children "serious physical harm."

Medical examiners testified that the two children in question sustained multiple injuries, including fractured bones and ribs, severe bruising and swelling, deep hemorrhages, and internal bleeding. Each of these injuries constitute "serious physical harm" as that term is defined in MCL 750.136b(2).

The prosecution presented substantial evidence that defendant caused these injuries when he physically abused his children—and that he intended to harm his children in so doing. The medical examiners noted that the injuries sustained by the infants are rare in children that cannot

walk, and that, given the amount of force it would take to inflict such injuries, it was extremely unlikely the injuries occurred by accident. Defendant had ready opportunity to abuse his children because he was one of their primary caretakers five days per week, and their sole caretaker at night. Moreover, defendant admitted that he committed abuse—including, but not limited to, biting the children, placing his hand over their mouths for an extended period of time, and punching his infant's chest in an attempt to make the baby quiet.[1] And the jury heard testimony from a witness that she had seen defendant engage in both physical and verbal aggression toward the children.

This testimony, when combined with the statements of the medical examiners, defendant's own admissions, and other circumstantial evidence, is more than sufficient evidence to show that defendant committed first-degree child abuse under MCL 750.136b(2), and that he intended to cause serious harm to the children when he did so. *Maynor*, 470 Mich at 295–297. Defendant's assertions to the contrary are without merit.

## 2. FELONY MURDER

MCL 750.316(1) states, in relevant part:

[A] person who commits any of the following is guilty of first degree murder . . . :

\* \* \*

(b) Murder committed in the perpetration of, or attempt to perpetrate . . . child abuse in the first degree . . . .

"The elements of first-degree felony murder are (1) the killing of a human being, (2) malice, and (3) the commission, attempted commission, or assisting in the commission of one of the felonies enumerated in MCL 750.316(1)(b)." *People v Watkins*, 247 Mich App 14, 32; 634 NW2d 370 (2001). "The facts and circumstances of the killing may give rise to an inference of malice. A jury may infer malice from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v Nowack*, 462 Mich 392, 401; 614 NW2d 78 (2000).

Here, defendant argues that he cannot be guilty of felony murder because the prosecution failed to provide sufficient evidence to sustain his convictions of first-degree child abuse, the underlying felony. But, as noted, the prosecution presented sufficient evidence that defendant committed first degree child abuse under MCL 750.136b(2). Because he murdered one of his children in the course of committing this felony with malice, the prosecution presented more than sufficient evidence to sustain his conviction of felony murder under MCL 750.316(1). *Watkins*, 247 Mich App at 32.

---

[1] During an interrogation, defendant speculated that it was this last action that caused one of his children to die.

## B. RIGHT TO PRESENT A DEFENSE

"'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally inadmissible unless the rules of evidence provide an exception. MRE 802. MRE 804(b)(3) encompasses the "statement against interest" exception to hearsay, and provides, in pertinent part:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.* [Emphasis added.]

Here, defendant claims that the trial court impermissibly excluded a hearsay statement made by his former girlfriend (and mother of the abused children) that supposedly exonerated him of the child abuse and murder,[2] and that this denied him his right to present a defense. He provides no support for this assertion, nor does he explain how his girlfriend's statement was (1) not hearsay, or (2) how its absence prevented him from presenting a defense.[3] These issues are accordingly abandoned and we need not address them.[4]

In any event, it is apparent that the trial court properly excluded the statement as hearsay, because "circumstances clearly indicate[d]" that the statement was not trustworthy. MRE 804(b)(3). The girlfriend had a motive to lie when she made the statement, as defendant was her boyfriend and the father of her children. And she immediately retracted the statement after she

---

[2] Specifically, the girlfriend told a police officer that she had killed her child.

[3] Defendant's inability to support his argument likely springs from the fact that his claim contradicts the record. The trial court actually went to great lengths to allow defendant to present a defense. In fact, defendant personally testified to his innocence and flatly denied the charges against him. During his testimony, he even mentioned the hearsay statement he says the trial court excluded by asserting that he knew his girlfriend put the crimes "on herself." The jury thus had ample opportunity to hear defendant's assertions—and it clearly did not believe them.

[4] See *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority").

-4-

made it, and made three subsequent statements that blamed defendant for the child abuse and murder. The trial court thus properly excluded her statement as hearsay under MRE 804(b)(3).[5]

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[5] See also *People v Poole*, 444 Mich 151, 165; 506 NW2d 505 (1993), abrogated on other grounds by *People v Taylor*, 482 Mich 368 (2008).