PEOPLE v DANTO

PEOPLE v NATER

Docket Nos. 302986, 302991, 303064, and 303525. Submitted August 10, 2011, at Detroit. Decided November 8, 2011, at 9:05 a.m.

Michael S. Danto and Andrew B. Nater were each charged separately in the Oakland Circuit Court with one count of manufacturing marijuana and one count of possession with intent to deliver marijuana. In each case, the court, Leo Bowman, J., denied the prosecution's motion to admit evidence of other acts by the defendant. In each case the trial court also granted the prosecution's motion to preclude assertion of the Michigan Medical Marihuana Act (MMA), MCL 333.26421 *et seq.*, as an affirmative defense and to preclude reference to the MMA at trial. The prosecution appealed by leave granted the denial of its motions to admit other-acts evidence (Docket No. 302986 [Danto] and Docket No. 302991 [Nater]). Each defendant appealed by leave granted the granting of the prosecution's motion to preclude assertion of the MMA as an affirmative defense and reference to the MMA at trial (Docket No. 303064 [Nater] and Docket No. 303525 [Danto]). Danto also appealed the denial of his motion for an evidentiary hearing and to dismiss the charges. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held*:

1. Other-acts evidence must satisfy three requirements in order to be admissible under MRE 404(b). It must be offered for a proper purpose, it must be relevant, and its probative value must not be substantially outweighed by the danger of unfair prejudice. The trial court may, on request, instruct the jury regarding the limited use of the evidence.

2. The other-acts evidence offered against both defendants was relevant, offered for a proper purpose, and its probative value was not outweighed by the danger of unfair prejudice. The trial court abused its discretion by refusing to admit the other-acts evidence. The orders denying the motions to admit the evidence are reversed and the cases must be remanded to the trial court for further proceedings.

3. Defendants did not meet their burden of production to establish that the marijuana found in defendants' home was kept in an enclosed, locked facility, as required by MCL 333.26424, therefore, defendants were not entitled to assert the affirmative defense provided under MCL 333.26428. The trial court's order precluding assertion of the affirmative defense and references to the MMA at trial are affirmed.

4. The trial court did not abuse its discretion by denying Danto's request for an evidentiary hearing under the MMA. MCL 333.26428(b) does not create an automatic right to an evidentiary hearing upon the filing of a motion to dismiss. It merely requires dismissal if the defendant establishes the elements of the affirmative defense under MCL 333.26428.

Affirmed in part, reversed in part, and remanded.

GLEICHER, J., concurring in part and dissenting in part, agreed that the trial court abused its discretion by precluding admission of the other-acts evidence and did not abuse its discretion by prohibiting defendants from asserting the affirmative defense provided in MCL 333.26428 because they failed to adequately support the proffered defense. Judge GLEICHER, however, disagreed with the determination of the majority that defendants were properly precluded from referring to the MMA at trial and, to prevent prejudice to defendants, would reverse the part of the trial court's order precluding such references at trial.

1. EVIDENCE — RELEVANT EVIDENCE — UNFAIR PREJUDICE.

All relevant evidence is prejudicial; only unfairly prejudicial evidence may be excluded; unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury; unfair prejudice may arise when considerations extraneous to the merits of the case, such as jury bias, sympathy, anger, or shock, are injected.

2. CONTROLLED SUBSTANCES — MARIJUANA — MEDICAL MARIJUANA — AFFIRMATIVE DEFENSES — BURDEN OF PROOF.

The Michigan Medical Marihuana Act provides an affirmative defense to prosecution; the defendant has the burden to establish a prima facie case for the affirmative defense by presenting some evidence on all the elements of the defense; if the defendant fails to establish an element of the defense, the defense should not be presented to the jury (MCL 333.26428).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attor-

ney, and *Thomas R. Grden* and *Danielle Walton*, Assistant Prosecuting Attorneys, for the people.

*Rosemary Gordon Pánuco* for defendants.

Before: MARKEY, P.J., and SAAD and GLEICHER, JJ.

MARKEY, P.J. In these four consolidated, interlocutory appeals both the prosecution and defendants, Michael Danto and Andrew Nater, appeal the trial court's pretrial evidentiary rulings. In Docket No. 302986 (Danto) and Docket No. 302991 (Nater), the prosecution appeals by leave granted the trial court's order denying its motion to admit evidence of other acts committed by the respective defendants. In Docket No. 303064 (Nater) and Docket No. 303525 (Danto), the respective defendants appeal by leave granted the trial court's order granting the prosecution's motion to preclude assertion of the Michigan Medical Marihuana Act (MMA), MCL 333.26421 *et seq.*,[1] as an affirmative defense and to preclude reference to the MMA at trial. Danto also appeals the trial court's order denying his motion for an evidentiary hearing and to dismiss under the provisions of the MMA. We affirm the trial court's orders in Docket Nos. 303064 and 303525, reverse the trial court's orders in Docket Nos. 302986 and 302991, and remand for further proceedings.

In Docket No. 302986, the prosecution argues that the trial court abused its discretion by barring the admission of evidence of other acts Danto committed. We agree. We review a trial court's evidentiary decisions

---

[1] The MMA uses the spelling "marihuana." This opinion follows the lead of *People v King*, 291 Mich App 503; 804 NW2d 911 (2011), lv gtd 489 Mich 957 (2011), and *People v Redden*, 290 Mich App 65; 799 NW2d 184 (2010), and uses the more common spelling "marijuana" except in quotations.

for an abuse of discretion. *People v Martzke*, 251 Mich App 282, 286; 651 NW2d 490 (2002). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008).

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

"To be admissible under MRE 404(b), bad-acts evidence must satisfy three requirements: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; and (3) the probative value of the evidence must not be substantially outweighed by [the danger of] unfair prejudice." *People v Kahley*, 277 Mich App 182, 184-185; 744 NW2d 194 (2007). Also, the trial court, on request, may instruct the jury regarding the limited use of the evidence. *People v Watson*, 245 Mich App 572, 577; 629 NW2d 411 (2001).

> Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant *solely* to the defendant's character or criminal propensity. Stated another way, the rule is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character. Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403

> balancing test, which permits the court to exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. [*People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010) (citations omitted).]

All relevant evidence is prejudicial; only *unfairly* prejudicial evidence may be excluded. *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *Id.* at 614. Unfair prejudice may arise where considerations extraneous to the merits of the case, such as jury bias, sympathy, anger, or shock, are injected. *Id.*

Here, the prosecution moved to admit evidence that on the same date that Danto and Nater's residence was searched, officers executed a search warrant at a café in which marijuana was sold and smoked. At the café, Danto was found at a table with 323 grams of marijuana packaged for sale, hashish, THC (tetrahydrocannabinol) candy, packaging material, a scale, a tally sheet, a cell phone, and $2,434 in cash. A document in the cashbox at the front door of the café indicated that Danto had paid an entrance fee to sell marijuana at the café. The proper purposes for the evidence included establishing Danto's knowledge of and control over the marijuana found in his residence. "Constructive possession of an illegal substance requires proof that the defendant knew of its character." *Id.* at 610. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Danto was not present in the home when the search warrant was executed, and he contended that the small amount of marijuana found in his bedroom was within the amount permitted by the MMA. Therefore, whether Danto knew

about and controlled the larger amount of marijuana found in the living room was a material issue. Evidence that Danto was found in possession of a large quantity of marijuana that was packaged for sale identically to the marijuana found in the living room of his home on the same day would tend to make it more likely than not that he knew the substance in the living room was marijuana and that he controlled it.

The prosecution has identified the additional proper purpose of establishing Danto's intent to distribute the marijuana. "[P]ossession with intent to distribute an illegal substance requires the specific intent to distribute." *McGhee*, 268 Mich App at 610. In *People v Williams*, 240 Mich App 316, 324; 614 NW2d 647 (2000), this Court upheld the admission of evidence of the defendant's prior drug transactions within five weeks before his arrest because "the evidence was directly relevant to intent, knowledge, and scheme, all of which were at issue in the case. The relevance was direct, in that there was a direct relationship between the prior sales and the crimes charged, and did not involve an impermissible intermediate inference to character." And in *People v Mouat*, 194 Mich App 482, 484; 487 NW2d 494 (1992), this Court affirmed the admission of testimony about prior drug activity that showed the defendant's intent to distribute cocaine. Here, a reasonable inference exists that the marijuana grown in Danto's home was the source of the marijuana he possessed at the café given the identical packaging and the substantial number of plants being grown in the residence. Also, Danto's packaging of the marijuana for sale and possession of other accouterments of drug trafficking at the café tends to increase the likelihood that he intended to distribute the marijuana found at his residence.

The next question is whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. As discussed, evidence is unfairly prejudicial when it tends to adversely affect the objecting party's position by injecting extraneous considerations such as jury bias, sympathy, anger, or shock. *McGhee*, 268 Mich App at 614. No such extraneous considerations have been identified here. The trial court did not explain why it concluded that the prejudicial effect substantially outweighed the probative value of the evidence. Danto contends that the evidence was unfairly prejudicial for two reasons: first, he would be unable to effectively cross-examine the undercover officers regarding the alleged use of false medical-marijuana cards to obtain access to the café given the trial court's ruling precluding mention of the medical use of marijuana at trial, and, second, the evidence would confuse or prejudice the jury because the Oakland County Prosecuting Attorney and law enforcement officials are engaged in a concerted and well-publicized attack on the medical use of marijuana. Neither argument is persuasive.

The fact that undercover officers used false medical-marijuana cards to gain access to the café has no bearing on the theory under which the other-acts evidence was offered. The prosecution seeks to use evidence that Danto possessed identically packaged marijuana for sale and accouterments of drug trafficking at the café to establish his knowledge of and control over the marijuana in his home and his intent to distribute that marijuana. Whether an undercover officer used a false medical-marijuana card to gain entry into the café has no bearing on whether Danto knew about, possessed, or intended to distribute the marijuana found in his home. Further, no evidence exists that any false cards were ever shown to Danto.

Also, Danto's allegation that the Oakland County Prosecuting Attorney and law enforcement officials are engaged in a concerted and well-publicized attack on the medical use of marijuana does not establish prejudice. Danto has offered no particular facts to establish that any such campaign exists, nor has he presented any meaningful argument regarding how even very zealous enforcement of the law results in unfair prejudice to the defense. Accordingly, no basis exists on which to find that the admission of the other-acts evidence would be *unfairly* prejudicial to Danto. We conclude that the trial court's exclusion of the other-acts evidence falls outside the range of principled outcomes.

In Docket No. 302991, the prosecution argues that the trial court abused its discretion by barring the admission of evidence of other acts Nater committed. We agree. The prosecution moved to admit evidence that Nater had sold marijuana to undercover officers at the same café three times in the approximately one-month period preceding the execution of the search warrant on his and Danto's home. As in Docket No. 302986, we agree with the prosecution that the other-acts evidence was offered for proper purposes of establishing Nater's knowledge of and control over the marijuana found in his home. Like Danto, Nater was not in the house when the search warrant was executed. Evidence that Nater had sold marijuana on three occasions in the month preceding the execution of the search warrant and that after one of the sales he was followed back to the house at which the marijuana was found would tend to make it more likely that he knew about and controlled the marijuana found in the house and that he knew that the substance was marijuana. In addition, the evidence was relevant to the proper purpose of establishing Nater's intent to distribute the

marijuana found in his home. Reasonable inferences exist that the marijuana operation in Nater's home was the source of the marijuana that he sold on the prior occasions and that as part of his ongoing scheme to manufacture and sell marijuana, he intended to sell the marijuana found in the home.

As in Danto's case, the trial court failed to explain why it concluded that the prejudicial effect of the other-acts evidence substantially outweighed its probative value. Nater argued in the trial court that admitting evidence of prior medical-marijuana sales and activities while precluding references to the medical use of marijuana at trial would deny him his constitutional rights to confrontation and to present a defense because he would be unable to effectively cross-examine the officers regarding their alleged use of false medical-marijuana cards to gain entry into the café where the sales occurred. If this was the basis for the trial court's ruling, then we disagree with Nater. The right to present a defense extends only to *relevant* evidence. *People v Likine*, 288 Mich App 648, 658; 794 NW2d 85 (2010). The fact that undercover officers might have used false medical-marijuana cards to gain access to the café has no bearing on whether Nater knew about, possessed, or intended to distribute the marijuana found in his home. Further, no evidence exists that any false medical-marijuana cards were ever shown to Nater himself.

In any event, Nater has identified no provision in the MMA that would have authorized him to sell marijuana to the undercover officers. MCL 333.26424(b) provides that "[a] primary caregiver who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty . . . for assisting a qualifying patient to whom he or she is connected

through the [Michigan Department of Community Health's] registration process with the medical use of marihuana in accordance with this act . . . ." Nater does not claim or offer evidence that he was connected through the department's registration process with the undercover officers to whom he sold marijuana. Therefore, because the MMA did not authorize Nater's sales to the officers, no unfair prejudice would arise from precluding cross-examination of those officers regarding marijuana for medical use. We conclude that the trial court abused its discretion by refusing to admit the other-acts evidence.

In Docket Nos. 303064 and 303525, defendants argue that the trial court erred by relying on *People v King*, 291 Mich App 503; 804 NW2d 911 (2011), lv gtd 489 Mich 957 (2011), to preclude defendants from raising a defense under § 8 of the MMA, MCL 333.26428, and from mentioning the medical use of marijuana at trial because *King* conflicts with two prior decisions of this Court. We disagree. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Although Nater raised this argument in the trial court, Danto failed to do so. Danto opposed the prosecution's motion on other grounds, but an objection on one ground is insufficient to preserve an appellate argument based on a different ground. *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003). Because Danto failed to preserve this issue, our review in his case is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Whether *King* conflicts with prior decisions of this Court is a question of law we review de novo. *People v Waclawski*, 286 Mich App 634, 693; 780 NW2d 321

(2009). We also review de novo issues of statutory construction. *People v Malone*, 287 Mich App 648, 654; 792 NW2d 7 (2010).

Section 4 of the MMA, MCL 333.26424, provides various protections for qualifying patients and primary caregivers. Section 4(a) states:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, *12 marihuana plants kept in an enclosed, locked facility.* Any incidental amount of seeds, stalks, and unusable roots shall also be allowed under state law and shall not be included in this amount. [Emphasis added.]

Section 4(b) provides:

> A primary caregiver who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for assisting a qualifying patient to whom he or she is connected through the department's registration process with the medical use of marihuana in accordance with this act, provided that the primary caregiver possesses an amount of marihuana that does not exceed:
>
> (1) 2.5 ounces of usable marihuana for each qualifying patient to whom he or she is connected through the department's registration process; and

(2) for each registered qualifying patient who has specified that the primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants *kept in an enclosed, locked facility*; and

(3) any incidental amount of seeds, stalks, and unusable roots. [Emphasis added.]

" 'Qualifying patient' means a person who has been diagnosed by a physician as having a debilitating medical condition." MCL 333.26423(h). " 'Enclosed, locked facility' means a closet, room, or other enclosed area equipped with locks or other security devices that permit access only by a registered primary caregiver or registered qualifying patient." MCL 333.26423(c).

Section 8 of the MMA, MCL 333.26428, provides a defense to a prosecution involving marijuana:

(a) *Except as provided in section 7*, a patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana, and this defense shall be presumed valid where the evidence shows that:

(1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

(2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

(3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.

(b) A person may assert the medical purpose for using marihuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a). [Emphasis added.]

Section 7 of the MMA, MCL 333.26427, further limits the medical use of marijuana:

(a) *The medical use of marihuana is allowed under state law to the extent that it is carried out in accordance with the provisions of this act.*

(b) This act shall not permit any person to do any of the following:

(1) Undertake any task under the influence of marihuana, when doing so would constitute negligence or professional malpractice.

(2) Possess marihuana, or otherwise engage in the medical use of marihuana:

(A) in a school bus;

(B) on the grounds of any preschool or primary or secondary school; or

(C) in any correctional facility.

(3) Smoke marihuana:

(A) on any form of public transportation; or

(B) in any public place.

(4) Operate, navigate, or be in actual physical control of any motor vehicle, aircraft, or motorboat while under the influence of marihuana.

(5) Use marihuana if that person does not have a serious or debilitating medical condition.

(c) Nothing in this act shall be construed to require:

(1) A government medical assistance program or commercial or non-profit health insurer to reimburse a person for costs associated with the medical use of marihuana.

(2) An employer to accommodate the ingestion of marihuana in any workplace or any employee working while under the influence of marihuana.

(d) Fraudulent representation to a law enforcement official of any fact or circumstance relating to the medical use of marihuana to avoid arrest or prosecution shall be punishable by a fine of $500.00, which shall be in addition to any other penalties that may apply for making a false statement or for the use of marihuana other than use undertaken pursuant to this act.

(e) All other acts and parts of acts inconsistent with this act do not apply to the medical use of marihuana as provided for by this act. [Emphasis added.]

In *People v Redden*, 290 Mich App 65; 799 NW2d 184 (2010), the majority rejected the prosecution's argument that the affirmative defense under § 8 was unavailable because the defendants did not possess valid registry identification cards under § 4. The majority concluded that the MMA provides two ways to show the legal use of marijuana for medical purposes: obtaining a registry identification card under § 4 or remaining unregistered and then asserting the affirmative defense under § 8 if faced with prosecution. Whereas § 4 refers to a "qualifying patient" who has been issued and possesses a registry identification card which protects the qualifying patient from "arrest, prosecution, or penalty in any manner," MCL 333.26424(a), § 8 refers only to a "patient" who may "assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana," MCL

333.26428(a). Thus, the majority concluded that the two sections provide differing levels of protection, and § 8 may apply to a patient who does not satisfy § 4.[2] The majority nonetheless affirmed the circuit court's reversal of the district court's denial of a bindover because "colorable issues" existed for the trier of fact regarding elements of the § 8 defense. *Redden*, 290 Mich App at 85.

The majority in *Redden* also noted that the defendants in that case did not raise the issue whether a § 8 defense was viable where the marijuana was not kept in an enclosed, locked facility. *Id.* at 82 n 8. The majority observed that the language regarding an enclosed, locked facility was contained in § 4 rather than § 8. *Id.* Nonetheless, the majority expressly declined to address the issue without the benefit of full briefing by the parties. *Id.*

In *People v Kolanek*, 291 Mich App 227; 804 NW2d 870 (2011), lv gtd 489 Mich 956 (2011), the Court held that the defendant's postarrest affidavit and his discussion with his physician before the MMA was enacted were insufficient to meet the requirements of a § 8 defense. Consequently, the Court remanded for reinstatement of the charge of possession of marijuana, MCL 333.7403(2)(d), but held that the MMA defense could be raised at trial:

> Because the statute does not provide that the failure to bring, or to win, a pretrial motion to dismiss deprives the defendant of the statutory defense before the factfinder, defendant's failure to provide sufficient proofs pursuant to his motion to dismiss does not bar him from asserting the

---

[2] Whether § 4(a) must be satisfied in order to assert a valid defense under § 8(a) of the MMA is pending before our Supreme Court in *People v King*, 489 Mich 957 (2011).

§ 8 defense at trial nor from submitting additional proofs in support of the defense at that time. [*Kolanek*, 291 Mich App at 241-242.]

In *King*, 291 Mich App at 509, the majority held that § 8 incorporates by reference other provisions of the MMA with which a defendant must comply where it states "[e]xcept as provided in section 7 . . . ." The majority concluded that the reference to § 7 in § 8, and the requirement of § 7(a) that the medical use of marijuana be carried out in accordance with the provisions of the act required the defendant to comply with the growing provisions in § 4. *King*, 291 Mich App at 510. The majority held "that because defendant did not comply with § 4, he also failed to meet the requirements of § 8 and, therefore, he is not entitled to the affirmative defense in § 8 and is not entitled to dismissal of the charges." *Id*. The majority explained that an unlocked closet and a moveable chain-link dog kennel that was open on the top did not fall within the definition of an enclosed, locked facility. *Id*. at 511-514. Thus, because the defendant failed to comply with the requirement that he keep the marijuana in an enclosed, locked facility, he was subject to prosecution, and the trial court abused its discretion in dismissing the charges. *Id*. at 514.

In *People v Anderson*, 293 Mich App 33, 35; 809 NW2d 176 (2011),[3] the majority adopted a portion of Judge M. J. KELLY's concurring opinion concluding that a trial court may bar a defendant from arguing the affirmative defense provided in § 8 of the MMA where

---

[3] Our Supreme Court has stayed lower court proceedings, *People v Anderson*, unpublished order of the Supreme Court, entered August 23, 2011 (Docket No. 143339), and held further appeal in abeyance pending decisions in *People v Kolanek* (Docket Nos. 142695 and 142712) and *People v King* (Docket No. 142850), *People v Anderson*, unpublished order of the Supreme Court, entered September 26, 2011 (Docket No. 143339).

on the basis of the undisputed evidence no reasonable jury could find that all the elements of § 8 were satisfied. *Id.* at 49-57 (M. J. KELLY, J., concurring). Judge KELLY explained "that the defendant has the burden to establish a prima facie case for his or her affirmative defense by presenting some evidence on all the elements of that defense." *Id.* at 64. If the defendant fails to establish an element of the defense, the trial court should not present the defense to the jury. *Id.* Judge KELLY then applied these principles to the affirmative defense available under § 8 of the MMA:

> The MMA provides an affirmative defense to prosecution for any marijuana offense, but that defense is quite limited. Because of those limitations, there may be situations when a defendant simply cannot establish the right to assert a § 8 defense. In such situations, a trial court might be warranted in barring a defendant from presenting evidence or arguing at trial that he or she is entitled to the defense set forth in § 8(a). Therefore, I conclude that a trial court may bar a defendant from presenting evidence and arguing a § 8 defense at trial when, given the undisputed evidence, no reasonable jury could find that the elements of the § 8 defense had been met.
>
> In this case, there is no dispute about the number of plants that Anderson possessed or that the plants were not kept in an enclosed, locked facility. No reasonable jury could, therefore, find that he had 12 or fewer plants or that the plants were in an enclosed, locked facility. Consequently, no reasonable jury could acquit Anderson on the basis of a § 8 defense. The trial court did not err when it precluded Anderson from presenting a § 8 defense at trial. [*Id.* at 64-65.]

The majority adopted this portion of Judge KELLY's concurrence.

Under *King* and *Anderson*, then, an essential element of a § 8 affirmative defense is the requirement in § 4 that the marijuana be kept in an enclosed, locked

facility. Defendants contend that *King* conflicts with *Redden* and *Kolanek*. As discussed, however, the *Redden* majority expressly declined to address whether a § 8 defense was viable where the marijuana was not kept in an enclosed, locked facility because the issue had not been raised or fully briefed in that case. *Redden*, 290 Mich App at 82 n 8. Because the issue was not resolved in *Redden*, the majority in *King* did not violate MCR 7.215(J)(1), which requires following the rule of law established by a prior, published decision of this Court. Further, although *Kolanek* held that a defendant's failure to bring or to win a pretrial motion to dismiss does not bar assertion of a § 8 defense at trial, *Kolanek* did not eliminate the defendant's burden of production. See *Anderson*, 293 Mich App at 35 (per curiam); *id.* at 63-65 (M. J. KELLY, J., concurring). We thus discern no basis to conclude that *King* conflicts with either *Redden* or *Kolanek*.

Here, defendants have offered nothing to rebut the preliminary examination testimony that the marijuana was kept in various locations throughout defendants' home, including in the bathroom, living room, kitchen, bedrooms, and a basement with no door at the entrance. Because defendants have not met their burdens of production to establish that the marijuana was kept in an enclosed, locked facility, MCL 333.26424, the trial court's order precluding assertion of the MMA affirmative defense and references to the MMA at trial was not erroneous.

Finally, in Docket No. 303525, Danto argues that the trial court abused its discretion by denying his request for an evidentiary hearing under the MMA. We disagree. A trial court's decision to hold an evidentiary hearing is generally reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d

272 (2008). To the extent that this issue requires interpretation of a provision of the MMA, this Court reviews statutory construction issues de novo. *Malone*, 287 Mich App at 654. Section 8(b) of the MMA, MCL 333.26428(b), provides that "[a] person may assert the medical purpose for using marijuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a)." This provision does not create an automatic right to an evidentiary hearing upon the filing of a motion to dismiss. It merely requires dismissal of marijuana charges if the defendant establishes the elements of the § 8 defense at an evidentiary hearing. Here, the trial court did not abuse its discretion because Danto has not identified a factual dispute to resolve at an evidentiary hearing or established that the marijuana was kept in an enclosed, locked facility, as required by MCL 333.26424.

We affirm in Docket Nos. 303064 and 303525, reverse in Docket Nos. 302986 and 302991, and remand for further proceedings. We do not retain jurisdiction.

SAAD, J., concurred with MARKEY, P.J.

GLEICHER, J. (*concurring in part and dissenting in part*). I agree with the majority that the trial court abused its discretion by precluding the prosecution's presentation of "other acts" evidence under MRE 404(b).[1] I also agree that defendants failed to adequately support their proffered defense under the Michigan Medical Marihuana Act (MMA), MCL 333.26421 *et seq.*, requiring the exclusion of that affirmative defense.

---

[1] At oral argument, defense counsel readily conceded that controlling Michigan law construing MRE 404(b) compelled the introduction of the prosecution's other-acts evidence.

However, I respectfully disagree with the majority's conclusion that "trial court's order precluding assertion of the MMA affirmative defense and references to the MMA at trial was not erroneous."

The trial court granted the prosecution's motion to preclude defendants from asserting an affirmative defense under the MMA. The trial court's order further provides, "neither the Defendants nor their attorneys may make any reference in the presence of the jury to the Michigan Medical Marihuana Act or the use of the term medical marijuana in conjunction with, or in reference to, the marijuana in the present case." At oral argument, the prosecuting attorney conceded that if this Court held the other-acts evidence admissible, a blanket order prohibiting mention of the MMA or "the term medical marijuana" would qualify as overbroad. The prosecutor specifically acknowledged that mention of the medical use of marijuana would be necessary to explain the "res gestae" of the crime and the other-acts evidence. Consequently, I am mystified that the majority nevertheless holds that the prosecution may introduce evidence invoking the term "medical marijuana," but the defense may not.[2] Defendants aptly note that their ability to cross-examine the witnesses will be limited to the point of absurdity if the trial court's order remains in place—the prosecution will be able to elicit testimony regarding the officers' undercover personas as medical-marijuana purchasers, but defendants will be precluded from repeating those terms in cross-examination.

---

[2] According to the prosecuting attorney's oral argument, the prosecution intends to present evidence that the police found medical-marijuana cards when they executed a search warrant at defendants' home. The police acquired the other-acts evidence by using fake medical-marijuana cards to enter a medical-marijuana dispensary, and the prosecutor admitted that these facts would be presented to the jury in the prosecution's case.

In light of our reversal of the trial court's other-acts ruling, the challenged order now impermissibly limits defendants' ability to cross-examine the witnesses on matters likely to be brought out on direct examination and on matters that are potentially relevant to bias and credibility. While a court may impose reasonable limits on cross-examination to protect against confusion of the issues or the introduction of only marginally relevant evidence, a comprehensive limitation of otherwise relevant cross-examination violates the Confrontation Clause. *Delaware v Van Arsdall*, 475 US 673, 679; 106 S Ct 1431; 89 L Ed 2d 674 (1986). To prevent prejudice to defendants, I would reverse that portion of the trial court's March 8, 2011 one-sided order precluding defendants' reference to the MMA or "medical marijuana" at trial.