# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAMAURICE CHICO GIBSON,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2015

No. 317385
Wayne Circuit Court
LC No. 13-002339-FC

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possessing a firearm during the commission of a felony, MCL 750.227b, and carrying a concealed weapon (CCW), MCL 750.227.[1] The trial court sentenced defendant to two years in prison for the felony-firearm conviction, to be served concurrent with a sentence of three years' probation for the CCW conviction. We affirm.

At the time of trial, the 14-year-old complainant testified that while he was walking to a store to pay his cell phone bill, he was approached by two young men driving an older model white Pontiac Grand Prix. One of the men, whom the complainant identified as defendant, exited the vehicle, pointed a gun at the complainant, and then demanded the boy's valuables. After the complainant gave defendant his cell phone and a $50 bill, defendant returned to the car and drove away. Later that night, the complainant saw defendant in the same white Grand Prix in the vicinity of the robbery. At that time, the complainant obtained a license plate number from the vehicle. With this information, the police were able to trace the vehicle to defendant's home. Defendant was eventually arrested.

For his sole claim of error, defendant takes issue with an evidentiary ruling of the trial court. Defendant preserved the general evidentiary issue by making an offer of proof at trial. MRE 103(a). This Court reviews a trial court's evidentiary rulings for an abuse of discretion. *People v Benton,* 294 Mich App 191, 195; 817 NW2d 599 (2011). However, defendant did not argue below, as he does now, that the exclusion of this evidence violated his constitutional right

---

[1] Defendant was acquitted of an additional charge of armed robbery, MCL 750.529.

to present a defense. Consequently, the constitutional issue is not preserved. *People v Coy,* 258 Mich App 1, 12; 669 NW2d 831 (2003). Unpreserved claims of constitutional error are reviewed for plain error affecting substantial rights. *Id.*

Defendant argues that the trial court erred when it precluded him from introducing evidence that at least two cars matching the general description of defendant's car were owned and driven in the same area as the robbery. Specifically, defendant sought to admit photographs, taken the day before trial, of two white Pontiac Grand Prixs. One of the photographs depicted a 2000 Grand Prix owned by defendant's neighbor. Defendant argued that if the complainant misidentified the vehicle, then he likely misidentified defendant as the perpetrator. The prosecution argued that the evidence of other similar vehicles in the area, not of the same make and model year of defendant's car, was irrelevant. Ultimately, the court excluded the photographs and related testimony as irrelevant. The trial court noted that the photographed vehicles were not of the same year, make, and model of defendant's vehicle. On appeal, defendant argues that the evidence was relevant and the exclusion of the evidence deprived him of the right to present a defense. We disagree.

Generally, a defendant has a constitutional right to present a defense, but this right is not absolute. The defendant must still comply with established rules of evidence and procedure that have been promulgated to ensure a fair trial. *People v Kowalski,* 492 Mich 106, 139; 821 NW2d 14 (2012). To this end, the right to present a defense extends only to relevant evidence. *People v Danto,* 294 Mich App 596, 604: 822 NW2d 600 (2011). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Generally, all relevant evidence is admissible and irrelevant evidence is inadmissible. MRE 402. In this case, the trial court properly excluded the evidence because defendant's offer of proof was insufficient to establish the relevancy of the evidence.

Defendant sought to advance a defense that the complainant mistook defendant's car for that of the actual perpetrator's, which led to the erroneous identification of defendant as the robber. However, the evidence defendant sought to admit had no relevance to the purpose for which it was offered. The photographs did not depict cars of the same year, make, and model of defendant's vehicle. Moreover, the photos of these vehicles were taken the day before trial. As such, they did not depict cars traveling near the area of the robbery at the time of the robbery. Thus, these photographs were irrelevant to establishing defendant's stated defense. The photographs and related testimony did not make more probable the proposition that the complainant mistook defendant's vehicle for that of his actual assailant. Thus, the trial court did not abuse its discretion in excluding the proffered photographs and related testimony.

Further, the exclusion of the proffered evidence did not deprive defendant of a defense. At the time of trial, defendant fully cross-examined the complainant regarding his ability to identify accurately the white Grand Prix. Then, during the examination of a Detroit police officer, defendant elicited that the officer had seen a lot of cars similar to defendant's around the area. Thus, defendant was able to argue to the jury that the complainant misidentified defendant's very common car, and by virtue of this error, misidentified defendant as the perpetrator. A defendant is not deprived of the right to present a defense if the defendant is

otherwise able to present his theory to the jury with other evidence. *People v Herndon,* 246 Mich App 371, 411-412; 633 NW2d 376 (2001).

Affirmed.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens