# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH ALLAN CASTLE,

        Defendant-Appellant.

UNPUBLISHED
November 5, 2015

No. 323254
Oakland Circuit Court
LC No. 2013-248638-FC

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted in a jury trial of armed robbery, MCL 750.529, and assault with intent to do great bodily harm less than murder, MCL 750.84. He was sentenced to 20 to 40 years' imprisonment for the armed robbery conviction and 6 to 15 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction. Defendant appeals by leave granted.[1] We affirm.

Defendant first argues that the prosecutor committed misconduct when she asked defendant to comment on the credibility of the prosecution's witnesses, and when Deputy Ian Kershaw testified indirectly to his opinion of defendant's guilt. We disagree.

To preserve a claim of prosecutorial misconduct, a defendant must contemporaneously object to the alleged misconduct and ask for a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Because defendant did not object to prosecutor misconduct at trial, this issue is not preserved. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). We review unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). Error requiring reversal will not be found when a curative instruction could have displaced any prejudicial effect of the prosecutor's improper argument. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005).

---

[1] *People v Castle*, unpublished order of the Court of Appeals, entered July 2, 2015 (Docket No. 323254).

-1-

Defendant asserts that the prosecutor improperly asked defendant to comment on the credibility of the witnesses. "It is not proper for a prosecutor to ask a defendant to comment on the credibility of prosecution witnesses since a defendant's opinion on such a matter is not probative and credibility determinations are to be made by the trier of fact." *People v Knapp*, 244 Mich App 361, 384; 624 NW2d 227 (2001) (citations and quotation marks omitted).

At trial, the prosecutor presented evidence that defendant approached the victim, Jorge Torres, who was sitting in his parked car at a gas station. According to the prosecution, defendant approached Jorge, and asked to borrow his phone. When the victim refused, defendant put both of his hands inside the car and held a knife to Jorge's throat. During the subsequent altercation, defendant shattered the driver's side window. The prosecution also submitted surveillance video footage, which showed defendant reaching into Jorge's vehicle and breaking the window. Additionally, Mark Singleton, a customer who was at the gas station that night, testified that he observed defendant ask the victim for a couple of dollars. He then heard glass shatter and defendant demand money from Jorge. While calling 911, Singleton got into his car and drove around to get a better view. He saw defendant's body halfway in the driver's side of the Jorge's car. Jorge's cousin, Leonel Torres, who was inside the gas station as the time of the offense, also testified that, upon exiting the gas station, he observed defendant and Jorge struggling and wresting, and testified that defendant had a knife.

In contrast, defendant testified at trial that he did not intend to rob or harm Jorge. He said that he approached Jorge and asked to borrow Jorge's phone. He saw Jorge reach toward a cell phone that was on the passenger seat in the car. Defendant then put his hand in the car to get the phone from Jorge, but Jorge grabbed his arm instead and yanked him into the car. Defendant said he took the knife from his pocket because he was scared, and the glass shattered when he pulled his arms back out of the car. At the end of direct examination, defense counsel asked defendant if there was anything else he wanted to share, and defendant said, "It's an unfortunate situation all the way around, it really is. And, you know, a lot of accusations being put around on things that are just false." At the beginning of cross-examination, the prosecutor asked defendant if he knew Jorge or Singleton before the incident. When defendant said no, the prosecutor said, "Okay. But, your testimony today basically says that they're both lying about what they saw, correct?" Defendant claims error arising from this question by the prosecutor.

Initially, we remind the prosecution that it is improper to ask a defendant to comment on the credibility of prosecution witnesses. *Id*. However, we ultimately do not find that defendant is entitled to a new trial on this basis. Defendant testified on direct examination that false accusations were being made against him. Accordingly, we agree with the prosecution that defendant opened the door to this line of questioning. *People v Bettistea*, 173 Mich App 106, 116; 434 NW2d 138 (1988). Further, the questioning was brief, and a curative instruction could have alleviated any prejudicial effect the question had on the jury. *Johnigan*, 265 Mich App at 467. Moreover, the trial court properly instructed the jury regarding its duty to determine the facts and credibility of witnesses, and instructed the jury that the attorneys' statements and questions cannot be considered evidence. Jurors are presumed to follow their instructions. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Finally, we are not convinced that the claimed error affected defendant's substantial rights. *Roscoe*, 303 Mich App at 648. Significant evidence was admitted against defendant at trial. The testimony of the prosecution's

witnesses regarding the incident and the surveillance video played at trial strongly supported defendant's convictions. Thus, defendant is not entitled to a new trial.

Defendant also claims that the prosecutor committed misconduct when Deputy Kershaw, the first officer to arrive at the gas station on the night of the incident, testified indirectly regarding his opinion of defendant's guilt. Specifically, defendant takes issue with Deputy Kershaw's testimony that he handcuffed defendant after Leonel told him that defendant cut Jorge with the knife, that the surveillance video confirmed defendant was the suspect, and that during his investigation he got more information about defendant trying to rob Jorge from Singleton.

In a criminal case, a witness may not provide an opinion about the defendant's guilt or innocence. *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012). Initially, we note that defendant admits that the prosecutor did not explicitly ask Deputy Kershaw to comment on defendant's guilt, and that Deputy Kershaw did not explicitly express his opinion. Rather, defendant's claim is premised on that assertion that Deputy Kershaw testified indirectly that defendant was guilty. However, our review the record reveals that Deputy Kershaw did not testify, directly or indirectly, regarding his opinion of defendant's guilt. Rather, Deputy Kershaw's challenged testimony provided an account of his investigation, which included information he received during his investigation. We further note that defendant actually relied on Deputy Kershaw's testimony to support his case during closing argument, asserting that police officers rushed to judgment when they arrested him instead of Jorge and Leonel. Therefore, defendant is not entitled to a new trial on the grounds of prosecutor misconduct.

Because defendant cannot demonstrate prosecutor misconduct, we also reject defendant's claim that defense counsel was ineffective for not objecting. Counsel is not ineffective for failing to raise meritless or futile objections. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012).

Affirmed.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood