# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RONALD SCOTT,

        Defendant-Appellee.

UNPUBLISHED
September 20, 2016

No.  331512
Macomb Circuit Court
LC No.  14-003902-FC

Before:  GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] an order denying its motion to admit evidence of defendant's involvement in two sexual assault incidents.  Defendant is charged with two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(e); possession of a firearm by a person convicted of a felony, MCL 750.224f; possession of a firearm during the commission of a felony, MCL 750.227b; and armed robbery, MCL 750.529.  We reverse and remand.

The prosecution contends that the trial court erred by misapplying MRE 404(b) and denying the admission of evidence of two sexual assault incidents because the evidence was offered for a proper purpose under MRE 404(b), it is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice.  We agree.

We review for an abuse of discretion a trial court's ruling regarding the admission of evidence.  *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).  When a trial court's decision involves a preliminary question of law, we review the question de novo.  *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).  "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes."  *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).  "A trial court necessarily abuses its discretion when it makes an error of law."  *Id*. at 723.

---

[1] *People v Scott*, unpublished order of the Court of Appeals, entered April 21, 2016 (Docket No. 331512).

-1-

Generally, evidence of other crimes, wrongs, or acts is not admissible to prove an individual's propensity to act in the same manner. MRE 404(b)(1). MRE 404(b) requires the exclusion of other-acts evidence "if its only relevance is to show defendant's character or propensity to commit the charged offense." *People v Watkins*, 491 Mich 450, 468; 818 NW2d 296 (2012). However, other-acts evidence may be admissible if it is offered for another purpose, such as:

> proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case. [MRE 404(b)(1).]

In order for other-acts evidence to be admissible under MRE 404(b)(1), it must meet three requirements: "(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; and (3) the probative value of the evidence must not be substantially outweighed by [the danger of] unfair prejudice." *People v Danto*, 294 Mich App 596, 599; 822 NW2d 600 (2011) (quotation marks and citation omitted). "A proper purpose for admission is one that seeks to accomplish something other than the establishment of a defendant's character and his propensity to commit the offense." *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005). Evidence is inadmissible under MRE 404(b) "*only* if it is relevant *solely* to the defendant's character or criminal propensity." *Mardlin*, 487 Mich at 616. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Here, the prosecution moved to admit evidence of defendant's involvement in two other sexual assaults occurring after the charged crimes. In establishing a basis for the motion, the prosecution argued that it sought to introduce the evidence for the purpose of establishing defendant's plan, scheme, preparation, or system.[2] Such purposes are permissible under MRE 404(b)(1).

"Evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). The incidents do not need to be identical in nature; rather, "[t]o establish the existence of a common design or plan, the common features must indicate the existence of a plan rather than a series of similar spontaneous acts, but the plan thus revealed need not be distinctive or unusual." *Id*. at 65-66 (quotation marks and citation omitted).

---

[2] On appeal, the prosecution also makes arguments with regard to "intent, . . . identity, and absence of mistake." We note that the prosecution did not mention these purposes in its January 26, 2015, motion. At any rate, we are not persuaded on the basis of the existing record that these purposes are appropriate in the present case.

The proposed evidence in this case tends to show common features that indicate the existence of a design or plan. See *id*. In this case and the other two incidents, defendant targeted women who were alone at a hotel and who were engaged in illegal activity (involving drugs for the present incident and prostitution for the other incidents), making them vulnerable to defendant's sexual assault. While the specific details of defendant's plan may vary slightly, it is clear that he had a system in which he would purport to engage in the same illegal activity as his victims, gaining the trust of each woman and getting them to open the door for him. Defendant would use the threat of a weapon, either a gun or a knife, to force them to perform oral sex on him. Defendant would penetrate each woman's vagina with his penis as they lay bent over a bed facing away from him. Evidence indicated that in the present incident defendant ejaculated into a towel and in the two other incidents he again ejaculated outside of the women and wiped his semen with a towel or washcloth. He also took items (cellular telephones or identification cards) from each woman.

Although the trial court seemed to focus on specific dissimilarities of the proposed other-acts evidence compared to the present case, the evidentiary question was not as close as the trial court's ruling made it seem. See *id*. at 67 (stating that a trial court's decision on a close evidentiary question generally cannot be considered an abuse of discretion). Instead, it is clear that the evidence is sufficiently similar to infer that defendant had a common scheme, plan, or system because there are common features linking defendant to the crimes beyond just a mere spontaneous act of sexual assault each time.

 Even if evidence is admitted for a proper purpose and otherwise admissible because it is relevant, it is still subject to scrutiny under MRE 403. See *Danto*, 294 Mich at 599. MRE 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." (Emphasis added.)

The evidence in question is highly probative because it establishes defendant's common scheme, plan, or system, which makes it more probable that he committed the charged offenses. The evidence is not substantially outweighed by the danger of unfair prejudice. We note, also, that the trial court may grant a limiting instruction to ensure that the jury will not consider the evidence for an improper purpose. See MRE 105 and *Sabin*, 463 Mich at 56.

The trial court abused its discretion by excluding evidence of the other acts because the evidence was admissible under MRE 404(b), relevant, and not precluded from admission by MRE 403.

We reverse and remand to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter