*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 22, 2025
2:04 PM

Plaintiff-Appellee,

v

No. 371658
Delta Circuit Court
LC No. 23-011013-FC

TAVARIS LEE JACKSON JR.,

Defendant-Appellant.

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Defendant is charged with first-degree murder, MCL 750.316(1)(a), assault of a pregnant individual that intentionally caused a miscarriage or still birth, MCL 750.90a(b), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The prosecution intends to call Delta County Sheriff's Department Sergeant Thomas Lewis as a witness who participated in the investigation,[1] and the prosecution moved in limine to exclude certain topics during the cross-examination of Sergeant Lewis. Defendant argues that the exclusion of that evidence on cross-examination would be a violation of his constitutional right to confrontation. We reverse.

## I. BACKGROUND AND PROCEDURAL HISTORY

During the investigation into the victim's death, a witness contacted Sergeant Lewis and texted him a video from a social media application that had been posted by the victim. Sergeant Lewis responded, "you better not be holding out," stated that he was too drunk to drive, and invited the witness come to his house. When the witness arrived at his house, Sergeant Lewis told her that if she was holding out on him that he would get her in trouble for dealing cocaine. Sergeant Lewis also asked the witness to spend the night at his house. He then threatened to report her alleged issues with cocaine. Later, he invited her to kiss him and send him sexually explicit photographs of herself. She acquiesced because of his earlier threats. After the encounter, the witness filed a

---

[1] The parties dispute the role and extent of Sergeant Lewis's involvement in the investigation.

citizen's complaint against Sergeant Lewis with the Delta County Sheriff's Department. There was also an investigation by the Michigan State Police.

The prosecution filed a motion in limine to preclude the cross-examination of Sergeant Lewis regarding his conduct with the witness at his house. The trial court stated that, because the witness was not intended to be introduced as a witness for the prosecution during the trial, "any involvement or reference to her [was] less relevant than it otherwise would have been, for obvious reasons, but not necessarily irrelevant." The court stated that it did not see how Sergeant Lewis's conduct could support an argument about Sergeant Lewis's credibility, and the court expressed concerns that the probative value of the evidence would be outweighed by the danger of unfair prejudice under MRE 403. The court concluded that the evidence was not admissible under MRE 404(b), and it determined that it could limit the scope of cross-examination into these interactions under MRE 611. Defendant now appeals as on leave granted.[2]

## II. EXCLUSION OF TESTIMONY

Defendant argues that the exclusion of this evidence was a violation of his constitutional right to confrontation. We agree.

The appellate court "reviews evidentiary decisions for an abuse of discretion." *People v Butler*, 513 Mich 24, 29; 6 NW3d 54 (2024). "However, a trial court's construction of a statute . . . and interpretation of constitutional issues, such as the right to confrontation, are questions of law that are reviewed de novo." *Id*.

"Although a defendant has the right to cross-examine his accusers as secured by the Confrontation Clause, US Const Am VI, a court has wide latitude to impose reasonable limits on cross-examination to ensure relevancy or because of concerns regarding such matters as harassment, prejudice, confusion of the issues, and repetitiveness." *People v Biddles*, 316 Mich App 148, 153; 896 NW2d 461 (2016). "While the proper scope of cross-examination lies within the sound discretion of the trial court, the bias or interest of a witness is always a relevant subject of inquiry upon cross-examination." *People v Morton*, 213 Mich App 331, 334; 539 NW2d 771 (1995) (citation omitted). "A limitation on cross-examination that prevents a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes denial of the constitutional right of confrontation." *People v Kelly*, 231 Mich App 627, 644; 588 NW2d 480 (1998). MRE 611(c) defines the scope of cross-examination and states:

> A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. But the judge may limit cross-examination regarding matters not testified to on direct examination.

Generally, all relevant evidence is admissible. MRE 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the

---

[2] *People v Jackson*, unpublished order of the Court of Appeals, entered November 4, 2024 (Docket No. 371658).

fact is of consequence in determining the action." MRE 401. "Credibility of a witness is almost always at issue, and, thus, evidence bearing on that credibility is always relevant." *People v Spaulding*, 332 Mich App 638, 660; 957 NW2d 843 (2020). MRE 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"All relevant evidence is prejudicial; only *unfairly* prejudicial evidence may be excluded." *People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011). "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *Id*. (quotation marks and citation omitted). "Unfair prejudice may arise where considerations extraneous to the merits of the case, such as jury bias, sympathy, anger, or shock, are injected." *Id*.

In this case, there is no dispute that Sergeant Lewis was involved in the investigation into the victim's death. The record reflects that he participated in the search for the victim's body, investigated and took photographs of the scene, searched defendant's house, and participated in multiple witness interviews. Therefore, Sergeant Lewis's actions were not collateral to this case, and evidence bearing on his credibility is relevant. See *Spaulding*, 332 Mich App at 660. Further, it was during the investigation of this case that Sergeant Lewis threatened to get the witness in trouble for cocaine, requested she spend the night, and was intoxicated while attempting to interview her as a witness.

The trial court also held that the probative value of the evidence would be outweighed by the danger of unfair prejudice under MRE 403 because it would confuse and mislead the jury. The trial court found that the interaction had no probative value because it did not have any bearing on Sergeant Lewis's credibility. However, Sergeant Lewis's intoxication while interviewing a witness, and his threats that she better not "hold out" on him or he would get her in trouble for cocaine, are pertinent to the investigation. Although this evidence would be prejudicial, it would not be unfairly so. See *Danto*, 294 Mich App at 600. The trial court erred when it excluded all allegations of misconduct because the complete exclusion is disproportionate to the purpose of preventing jury confusion. Moreover, the trial court's complete limitation on cross-examination prevents defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred, and, so, it constitutes denial of the constitutional right of confrontation. See *Kelly*, 231 Mich App at 644. Defendant should be able to inquire about matters that bear on Sergeant Lewis's credibility and that are relevant to his investigation.

Lastly, though not raised during the motion hearing in the trial court, defendant now also argues that this evidence is admissible under MRE 404(b)(2) as part of a common scheme, plan, or motive. According to the witness, there was no basis for Sergeant Lewis to threaten her with drug-trafficking charges, and, allegedly, Sergeant Lewis also knew that there was no basis. Despite that, he threatened that if she did not provide information or commit certain actions, he would ensure charges were brought against her. This could bear on his character for truthfulness.

-3-

Although MRE 608(b) prohibits the use of extrinsic evidence to prove specific instances of a witness's conduct to attack the witness's character for truthfulness, a court may allow inquiry into specific instances of conduct if the instances are "probative of the character for truthfulness or untruthfulness" of a witness. MRE 608(b)(1). Therefore, the trial court erred by barring any inquiry during cross-examination into the interaction between Sergeant Lewis and the witness because some of the specific instances of conduct are probative of Sergeant Lewis's character for truthfulness or untruthfulness.

We reverse the trial court's order granting the prosecution's motion in limine to preclude cross-examination of Sergeant Lewis on allegations of misconduct relating to the witness.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica