# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSHUA DAVID HARDING,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 335213
Ingham Circuit Court
LC No. 15-000376-FH

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a), for which the trial court sentenced him to 228 to 456 months in prison. We affirm defendant's conviction and sentence, but remand for a ministerial correction to the judgment of sentence.

Defendant was charged with CSC-II for sexually touching LG, who was nine years old at the time of the alleged offense on April 1, 2015. Defendant was also charged with CSC-II for sexually touching 13-year-old LS on the same date. Defendant allegedly committed the offenses when he encountered the two children at a cemetery near the children's homes. After engaging the children in conversation, defendant picked them up and pretended to throw them into a nearby stream or river. According to LG, when defendant picked her up, he placed his hand inside her pants, underneath her clothing, and touched her vagina. LS testified that defendant engaged in similar conduct with him, placing his hand between his shorts and underpants on his buttocks.

At trial, the prosecution presented evidence of defendant's prior sexual misconduct. One witness, SH, testified that defendant sexually assaulted her in 1999, when she was 15 years old. SH testified that a friend introduced her to defendant, and she agreed to go for a ride with him. According to SH, defendant drove to a parking ramp and parked his car. He then placed his hand under SH's pants and inserted his finger in her vagina. Later, after they got out of the car, defendant removed SH's pants, again put his fingers in her vagina, performed oral sex on her, and then put his penis in her vagina. The prosecution also presented evidence that, in 2011, defendant sexually assaulted his two daughters, who were ages nine and seven. These assaults occurred while the girls were swimming. Defendant's daughter, AM, testified that defendant placed his fingers near or in her vagina, underneath her bathing suit, while tossing her into the

-1-

water. The trial court also permitted the prosecutor to introduce evidence of selected sexually explicit photos of young girls, which were recovered from defendant's cell phone and computer.

The jury convicted defendant of CSC-II for the charge involving LG, but was unable to reach a verdict for the charge involving LS.

## I. OTHER ACTS EVIDENCE

Defendant first argues that the trial court erred by allowing the prosecutor to present the other acts evidence involving SH and his daughters, as well as the photographic evidence recovered from his cell phone and computer. The trial court admitted the testimony regarding defendant's prior sexual assaults of SH and his daughters pursuant to MCL 768.27a, and admitted the photographic evidence pursuant to MRE 404(b)(1). We review the trial court's decision to admit this evidence for an abuse of discretion. *People v Watkins*, 491 Mich 450, 489-490; 818 NW2d 296 (2012)*; People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595 (2005). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Any preliminary questions of law involving the admissibility of evidence are reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

MRE 404(b)(1) provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

"Evidence relevant to a noncharacter purpose is admissible under MRE 404(b) *even* if it also reflects on a defendant's character. Evidence is inadmissible under this rule *only* if it is relevant *solely* to the defendant's character or criminal propensity." *Mardlin*, 487 Mich at 615-616 (emphasis in original). However, such evidence may be excluded under MRE 403 if the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice." *Id*. at 616. A trial court may provide a limiting instruction upon request to alleviate any potential prejudice arising from the evidence. *Id*.

Unfair prejudice within the meaning of MRE 403 refers to evidence that has the tendency to affect the objecting party's position by raising issues extraneous to the case at bar, such as evoking the jury's bias, sympathy, anger, or shock, or by creating a danger that marginally probative evidence will be given undue or preemptive weight by the jury. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). However, "[e]vidence offered against a party, by its very nature, is prejudicial, otherwise there would be no point in presenting it." *People v Fisher*, 449 Mich 441, 451; 537 NW2d 577 (1995). "Exclusion of the evidence is appropriate only when *unfair* prejudice outweighs the probative value of the evidence, meaning there is a danger that the evidence will be given undue or preemptive weight by the jury or it would be inequitable to allow use of the evidence." *People v Meissner*, 294 Mich App 438, 451; 812 NW2d 37 (2011) (quotation omitted, emphasis in original).

In contrast to MRE 404(b)(1), MCL 768.27a(1) provides, in relevant part, that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Defendant does not dispute that CSC-II is a listed offense, or that the prior offenses involving SH and his daughters qualify as listed offenses. See *People v Buie*, 298 Mich App 50, 71; 825 NW2d 361 (2012). Evidence admitted under MCL 768.27a(1) may be considered for its bearing on any matter to which it is relevant, including "the likelihood of a defendant's criminal sexual behavior toward other minors." *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). In other words, unlike MRE 404(b)(1), MCL 768.27a(1) allows for the admission of propensity evidence. See *People v Duenaz*, 306 Mich App 85, 99; 854 NW2d 531 (2014). But such evidence remains subject to MRE 403. *Watkins*, 491 Mich at 481-486. However, when applying the MRE 403 balancing test in the context of MCL 768.27a(1), the focus is different than it is when analyzing evidence offered solely under MRE 404(b)(1). "[O]ther-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Watkins*, 491 Mich at 487. Rather, the trial court should consider the probative nature of the evidence, along with other factors. As explained in *Watkins*, 491 Mich at 487-488:

> There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive.

In this case, the trial court admitted two types of other-acts evidence. The first involved witness testimony that defendant previously committed acts of sexual misconduct against SH and his minor daughters. The circumstances involving the offenses against defendant's daughters were substantially similar to the charged offenses involving LG and LS. In the prior assaults, as in the charged ones, defendant sexually touched his young daughters under their clothing while picking them up and pretending to engage in innocent play. LG and LS both testified that defendant touched them inappropriately while engaged in similar type of conduct. The evidence of defendant's sexual misconduct against his daughters was highly probative of defendant's intent when engaging in similar type of play with LG and LS and whether defendant's touching of LG's and LS's private areas was accidental or purposeful. Although the acts occurred several years apart, defendant had spent most of the intervening time in prison. Due to the lack of physical evidence, there was a need for other evidence of defendant's intent apart from the children's descriptions of defendant's conduct. The fact that defendant was convicted of the prior acts involving his daughters supports the reliability of their testimony about those acts. The trial court did not abuse its discretion in admitting this evidence. *Watkins*, 491 Mich at 487-488.

Although the circumstances surrounding defendant's sexual assault of SH were different from the circumstances of the charged offenses, defendant's assault of SH was still probative of his intent, which was a material issue at trial. That assault occurred several years earlier, but it

showed that defendant has a long-standing pattern of sexually assaulting underage girls, broken only by periods of incarceration. Because the evidence was admissible under MCL 768.27a(1), it was not subject to exclusion solely because it showed defendant's propensity to sexually assault young girls. *Watkins*, 491 Mich at 487. The trial court's decision to admit the evidence was not outside the range of reasonable and principled outcomes.

With respect to the photographs and testimony concerning other materials found on defendant's phone and computers, the record discloses that the trial court carefully considered this evidence and excluded several items, but allowed other items to be admitted for the purpose of showing defendant's intent, and lack of mistake or accident when touching the children. The trial court characterized the collection of photos and video evidence as falling into different groups, and permitted the prosecutor to admit those that it deemed probative due to the nature of the charge, such as photographs of young girls' genital regions, while excluding others, such as photographs and videos depicting young women engaged in bestiality or masturbating, as well as autopsy photographs of deceased young girls. The trial court's consideration of this evidence reflects a reasoned and principled approach to its evaluation of the relevance and probative value of the different items collected, and their potential for unfair evidence. For example, defendant's cell phone photographs of the young girls' genital areas were substantially probative of whether defendant's touching of LG in the same area was done for a sexual purpose. We are satisfied that the trial court took a reasonable and principled approach to determining which evidentiary items were substantially more probative and which were more prejudicial and should be excluded. Defendant has not shown that the trial court abused its discretion in admitting the challenged evidence.

## II. JURY INSTRUCTIONS

Defendant argues that defense counsel was ineffective for failing to object to the trial court's jury instructions concerning the limited, permissible use of the other acts evidence. Defendant argues that the trial court improperly deviated from M Crim JI 4.11, the standard jury instruction concerning evidence admitted under MRE 404(b)(1), and thereby erroneously permitted the jury to consider his prior sexual misconduct to determine if he committed the charged offenses. Defendant's argument fails to recognize that the trial court gave two different limiting instructions. The court instructed the jury in accordance with M Crim JI 20.28a with respect to the evidence involving SH and defendant's daughters, which was admitted under MCL 768.27a, and the court instructed the jury in accordance with M Crim JI 4.11 with respect to the photographic evidence, which was admitted under MRE 404(b)(1). Each instruction identified the evidence to which it applied and properly instructed the jury on the permissible use of each type of evidence, consistent with the standard jury instructions. Because the instructions were not improper, defense counsel was not ineffective for failing to object. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

## III. SUFFICIENCY AND GREAT WEIGHT OF THE EVIDENCE

Defendant also argues that the evidence was insufficient to support his conviction and that the jury's verdict was against the great weight of the evidence. We disagree.

## A. SUFFICIENCY OF THE EVIDENCE

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). We must review the evidence in a light most favorable to the prosecution and determine whether the jury could have found that each element of the charged crime was proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of [a] crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant was convicted of violating MCL 750.520c(1)(a), which provides:

> (1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

> (a) That other person is under 13 years of age.

MCL 750.520a provides the following definition of "sexual contact":

> (q) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

> (i) Revenge.

> (*ii*) To inflict humiliation.

> (*iii*) Out of anger.

Under MCL 750.520a(f), "[i]ntimate parts" include the primary genital area, groin, inner thigh, buttock, or breast of a human being.

LG testified at trial that when defendant picked her up, he placed his hand inside her pants, underneath her clothing, and touched her vagina. This testimony was sufficient to allow the jury to find beyond a reasonable doubt that defendant touched LG's "intimate parts." Defendant argues, however, that the evidence was insufficient to demonstrate that this touching was done intentionally, for a sexual purpose. We disagree.

Given the difficulty in proving an actor's intent, "minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). LG testified that defendant not only placed his hand on her vagina, but did so inside both her jeans and her underwear. The jury could infer from LG's description of the manner in which defendant

touched her that he did so purposefully. Moreover, LS's testimony that defendant picked him up in a similar manner, placing his hand under his shorts, supports the inference that defendant's placement of his hand on LG's vagina, under her clothing, was intentional. In addition, the testimony that defendant engaged in sexual misconduct with his daughters under almost identical circumstances, which occurred more than once, allowed the jury to infer that defendant has a pattern of using this particular technique to sexually molest young girls. The evidence of the photographs of young girls' buttocks and genital regions also supports the inference that defendant's touching of LG's vagina was done for a sexual purpose. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant intentionally touched LG's vagina for a sexual purpose, and therefore, was guilty of CSC-II.

## B. GREAT WEIGHT OF THE EVIDENCE

Because defendant did not raise his great-weight claim in an appropriate motion in the trial court, our review of this claim is limited to plain error affecting defendant's substantial rights. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011).

A verdict is against the great weight of evidence when the "evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). With respect to whether a new trial is warranted on the basis that the verdict was against the great weight of the evidence, "[c]onflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *Id*. Exceptional circumstances include when: (1) the testimony contradicts indisputable physical facts or laws; (2) the testimony is patently incredible or defies physical realities; (3) the testimony is so inherently implausible that it could not be believed by a reasonable trier of fact; or (4) the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643–644; 576 NW2d 129 (1998).

Apart from announcing his great-weight claim, defendant fails to provide any analysis of this issue independent of his argument that the evidence was insufficient to prove that his touching of LG was for a sexual purpose. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640–641, 588 NW2d 480 (1998). Defendant's failure to separately address the great weight of the evidence is "tantamount to abandoning" that issue. *People v Henry*, 315 Mich App 130, 149; 889 NW2d 1 (2016), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (citations omitted). Even if this issue is not deemed abandoned, it is without merit. As explained previously, the evidence was sufficient to prove that defendant intentionally touched LG's vagina for a sexual purpose. Although defendant attacks the reliability and credibility of LG's testimony, there are no exceptional circumstances that would permit us to ignore the jury's province to resolve such matters. Any initial confusion by LG concerning whether defendant touched her over or under her clothing did not render her testimony "inherently implausible" or "seriously impeached." Moreover, because sexual contact includes touching the clothing over a victim's intimate parts, MCL 750.520a(q), it was not necessary for

the jury to resolve whether defendant touched LG above or underneath her clothing to find that he intentionally touched her for a sexual purpose. In addition, the other acts evidence strongly supports that the touching was done for a sexual purpose. Accordingly, the jury's verdict is not against the great weight of the evidence.

## IV. DEFENDANT'S DEPARTURE SENTENCE

Defendant also argues that the trial court erred when it departed from the sentencing guidelines recommended minimum sentence range of 43 to 172 months and sentenced him to 228 to 456 months in prison. Defendant argues that his sentence is disproportionate and unreasonable. We disagree.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews the reasonableness of a trial court's departure sentence for an abuse of discretion, applying the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), quoting *Milbourn*, 435 Mich at 636.

In *Steanhouse*, our Supreme Court addressed the role of the sentencing guidelines in a trial court's determination of an appropriate sentence, stating:

> We repeat our directive from *Lockridge* that the guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion" that trial courts " 'must consult' " and " 'take . . . into account when sentencing,' " *Lockridge*, 498 Mich at 391, quoting [*United States v Booker*, 543 US 220, 264; 125 S Ct 738, 738; 160 L Ed 2d 621 (2005)], and our holding from *Milbourn* that "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range," *Milbourn*, 435 Mich at 661. [*Steanhouse*, 500 Mich at 474-475.]

Recently, in *People v Dixon-Bey*, ___ Mich App ____; ____ NW2d ___ (2017) (Docket No. 331499), lv pending; slip op at 18-19, this Court provided additional guidance for determining whether a departure sentence satisfies the principle-of-proportionality test from *Milbourn*, stating:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a "useful tool" or "guideposts" for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate

-7-

appellate review, which "includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. [Quotations omitted.]

According to defendant's presentence report (PSIR), defendant has a substantial juvenile record consisting mostly of assaultive crimes. As an adult, defendant was charged with third-degree criminal sexual conduct and pleaded guilty to assault with intent to commit criminal sexual conduct involving penetration for the 1999 offense involving SH. He was sentenced to probation, but violated his probation and was sentenced in 2003 to 6-1/2 to 10 years in prison. In 2012, defendant pleaded no contest to fourth-degree criminal sexual conduct for the two 2011 offenses involving his daughters, for which he was sentenced to 20 to 36 months in prison. He was discharged from prison in September 2014, after serving his maximum terms. The instant offenses were committed in April 2015.

At sentencing, the trial court noted that defendant's guidelines range was 43 to 172 months. The court also considered the next higher ranges. In deciding to impose a 228-month minimum sentence, the trial court stated that it had considered: (1) the sentencing memorandums submitted by the parties, (2) the victim's statement at sentencing and a written victim impact statement, (3) the predatory nature of the offense, (4) the many failed attempts to rehabilitate defendant and the court's belief that he would never be rehabilitated, (5) defendant's improper conduct while on probation and parole, (6) the fact that defendant sexually assaulted his young daughters shortly after he was discharged from his initial prison term, (7) the court's belief that defendant's freedom is a "maximum risk to society" and especially to children, and (8) the fact that the guidelines do not consider defendant's sexual attraction to children.

A defendant's lack of potential for rehabilitation is a legitimate consideration in determining a proportionate sentence. *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995). While the scoring of the prior record variables (PRVs) in the sentencing guidelines reflects defendant's criminal history, the guidelines do not reflect the serial nature of defendant's sexual offenses when not incarcerated. Also, although the scoring of offense variable (OV) 13, MCL 777.43, takes into account that defendant has committed a pattern of crimes against a person, this OV does not take into account the nature of defendant's crimes, i.e., repeated acts of criminal sexual conduct with minors. A defendant's continued commission of the same crime can be a valid reason for departing from the recommended range under the sentencing guidelines, as is a trial court's "legitimate concern for the protection of society" in such circumstances. See, e.g., *People v Solmonson*, 261 Mich App 657, 669, 671-672, 683 NW2d 761 (2004) (involving an "extensive" history of drinking-and-driving offenses).

In addition, the PSIR discloses that after defendant was placed on probation for his sexual assault of SH, he was cited for being out of place while on tether, for possession of ecstasy, and for testing positive for cocaine, and he was terminated unsuccessfully from sex offender treatment. These violations led to a prison sentence of 6-1/2 to 10 years. After he was paroled from prison, he violated his parole twice. The first violation involved his possession of "handwritten sexually explicit stories, provocative sexual photos and random newspaper clippings of young girls," and the second involved his possession of sexually explicit photographs. The guidelines do not account for this pattern of misconduct. *People v Harper*, 479 Mich 599, 638; 739 NW2d 523 (2007); *Houston*, 448 Mich at 323. Although the trial court

assessed 10 points for PRV 6 because defendant was on parole or probation when he committed the instant offense, see MCL 777.56, that score does not take into account defendant's prior parole or probation violations, which are reflective of his poor potential for rehabilitation. The trial court did not abuse its discretion in finding that defendant was unlikely to be rehabilitated and that his pattern of sexual assaults against minors when not incarcerated made him a danger to society. Considering the instant offense in light of defendant's history of repeated sexual offenses against minors and the past failed efforts at rehabilitation, the trial court did not abuse its discretion in finding that a 228-month minimum sentence was proportionate to the offense and the offender.

## V. CORRECTION OF THE JUDGMENT OF SENTENCE

Defendant also complains that his judgment of sentence contains an incorrect statutory citation for his CSC-II conviction. Although the judgment of sentence accurately states that defendant was convicted of "CRIMINAL SEXUAL CONDUCT – SECOND OR SUBSEQUENT OFFENSE," it lists only the corresponding statutory citation for MCL 750.520f (prescribing a mandatory minimum sentence of five years for a person convicted of a second or subsequent offense under MCL 750.520b, MCL 750.520c, or MCL 750.520d). Because the judgment does not specify the applicable statutory citation for defendant's underlying conviction of CSC-II, we remand for ministerial correction of the judgment of sentence to include citations for both defendant's CSC-II conviction, MCL 750.520c(1)(a), as well as MCL 750.520f.

We affirm defendant's conviction and sentence, but remand for correction of the judgment of sentence in accordance with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto